# EXHIBIT A

# ALLONGE TO NOTE

LOAN # ▮▮▮▮▮▮▮▮

LOAN AMOUNT    $455,000.00

PROPERTY ADDRESS.    15 JEFFERSON AVE

BROOKLYN, NY 11238

ALLONGE TO NOTE DATED    12/10/19

IN FAVOR OF    TAM LENDING CENTER, INC, A CORPORATION

AND EXECUTED BY    FRALEG JEFFERSON CORP.,A NEW YORK CORPORATION

PAY TO THE ORDER OF

WITHOUT RECOURSE    TAM LENDING CENTER, INC, A CORPORATION

BY _Desiree Sterling_
   DESIREE STERLING

TITLE_ CLOSER

**LINE OF CREDIT NOTE**

**(FIXED RATE)**

**$1,800,900**                                                                                          **12/10/2019**

**15 Jefferson Avenue Brooklyn, NY 11238**

FOR VALUE RECEIVED, **Fraleg Jefferson Corp., a NY Corporation** ("Borrower"), having a mailing address of **198 Saint James Place Brooklyn, NY 11238**, promises and agrees to pay to the order of **TAM Lending Center, Inc., a NJ Corporation** ("Lender"), having a mailing address of **1814 Route 70 E Suite 200 Cherry Hill, NJ 08003**, in lawful money of the United States of America, the principal sum of **One Million Eight Hundred Thousand Nine Hundred Dollars ($1,800,900)** or so much thereof as may be disbursed to or for the account of Borrower (the "Loan") with interest on the unpaid balance until payment in full as hereinafter provided. Capitalized terms used in this Line of Credit Note (the "Note"), but not defined, shall have the meanings assigned to them in the loan agreement of even date herewith executed by Borrower and Lender (the "Loan Agreement").

1.    Interest Rate.

(a)    The principal sum outstanding from time to time hereunder shall bear interest at a fixed annual rate of **Eight and Nine-Hundred Ninety Nine Thousandths Percent (8.990%)** shall be calculated on the basis of a 360-day year consisting of 12 months of 30 days each (30/360 basis).

(b)    The foregoing provisions of this Note relating to interest shall at all times be subject to the provisions of Section 8 (Default Rate) below.

(c)    As of the date hereof, interest shall accrue on that portion of the Loan advanced pursuant to the Acquisition Advance and any amounts advanced from the Loan to fund an Interest Reserve (if any). Interest shall accrue from the date hereof on the full balance of the Renovation Funds if such funds are funded at closing and held by Lender in a segregated account pursuant to Section 8.1(a)(ii) of the Loan Agreement. If, however, the Renovation Advance funds are reserved by Lender and not actually funded until the date of Advance pursuant to Section 8.1(a)(ii) of the Loan Agreement, then interest shall accrue as of the date of the applicable Renovation Advance on the amount of such Advance.

(d)    Notwithstanding anything to the contrary contained herein or in any other Loan Document, the effective rate of interest hereunder shall not exceed the maximum effective rate of interest permitted by applicable law or regulation. Lender hereby agrees not to collect knowingly any interest from Borrower in the form of fees or otherwise that will render the Loan usurious. In the event that such interest would be usurious in Lender's opinion, then Lender reserves the right to reduce the interest payable by Borrower. This provision shall survive the repayment of this Note.

2.    Payments.

(a)    On the date hereof, if required by Lender, Borrower shall prepay interest on the principal amount of the Loan payable through the end of the current calendar month, and shall escrow with Lender amounts, as determined by Lender, sufficient to pay real estate taxes assessed against the Property and insurance premiums as provided in Section 4.1(g) of the Loan Agreement.

(b)    Borrower shall pay interest only at the Interest Rate commencing on **February 1, 2020** and continuing the first day of each calendar month thereafter until the Maturity Date. A balloon payment will be due on the Maturity Date.

(c)    If required by Lender, Borrower shall make each payment of interest hereunder together with one-twelfth (1/12) of the annual real estate taxes and insurance premiums as provided in Section 4.1(g) of the Loan Agreement.

(d)    The entire unpaid principal sum of the Loan then outstanding together with all accrued and unpaid interest and all other charges and fees due from Borrower to Lender under the Loan Documents, if any, shall be due and payable on **January 2021** (the "Maturity Date"). All payments under this Note shall be made in immediately available U.S. funds. Any regularly scheduled monthly payment that is received by Lender before the date it is due shall be deemed to have been received on the due date solely for the purpose of calculating interest due. Any accrued interest remaining past due for thirty (30) days or more, at Lender's discretion, may be added to and become part of the unpaid principal balance of this Note and any reference to "accrued interest" shall refer to accrued interest that has not become part of the unpaid principal balance. Any amount added to principal pursuant to the Loan Documents shall bear interest at the applicable rate specified in this Note and shall be payable with such interest upon demand by Lender and absent such demand, as provided in this Note for the payment of principal and interest.

(e)    In the event any check given by Borrower to Lender as a payment on this Note is dishonored, or in the event there are insufficient funds in Borrower's designated account to cover any preauthorized monthly debit from Borrower's checking account, then, without limiting any other charges or remedies, Borrower shall pay to Lender a processing fee of $25.00 (but not more than the maximum amount allowed by law) for each such event.

(f)    Lender shall provide Borrower with notice of the amount of each monthly installment due under this Note. However, if Lender has not provided Borrower with prior notice of the monthly payment due on any payment due date, then Borrower shall pay on that payment due date an amount equal to the monthly interest payment for which Borrower last received notice. If Lender at any time determines that Borrower has paid one or more monthly installments in an incorrect amount because of the operation of the preceding sentence, or because Lender has miscalculated the amount of any monthly installment, then Lender shall give notice to Borrower of such determination. If such determination discloses that Borrower has paid less than the full amount due for the period for which the determination was made, Borrower, within thirty (30) calendar days after receipt of the notice from Lender, shall pay to Lender the full amount of the deficiency. If such determination discloses that Borrower has paid more than the full amount due for the period for which the determination was made, then the amount of the overpayment shall be credited to the next payment due under this Note (or, if an Event of Default has occurred and is continuing, such overpayment shall be credited against any amount owing by Borrower to Lender).

3.    Application of Payments. Payments received will be applied to charges, fees and expenses (including attorneys' fees), accrued interest and principal in any order Lender may choose, in its sole discretion. If at any time Lender receives, from Borrower or otherwise, any amount applicable to the Indebtedness that is less than all amounts due and payable at such time, Lender may apply the amount received to amounts then due and payable in any manner and in any order determined by Lender, in Lender's discretion. Borrower agrees that neither Lender's acceptance of a payment from Borrower in an amount that is less than all amounts then due and payable nor Lender's application of such payment shall constitute or be deemed to constitute either a waiver of the unpaid amounts or an accord and satisfaction.

4.     Advances.  Subject to the provisions of this Note and the other Loan Documents, Lender will advance and Borrower will accept the Loan in installments. The Loan is non-revolving and any amounts that are repaid will not be re-advanced. Borrower shall designate the persons identified in the Authorization Letter to make advance requests. Lender will enter on its books and records, which entry when made will be presumed correct, the date and amount of each advance, as well as the date and amount of each payment made by Borrower

5.     Prepayments.  Borrower may prepay all or part of the outstanding principal amount hereunder prior to the Maturity Date without premium or penalty.

6.     Acceleration.  If an Event of Default has occurred and is continuing, the entire unpaid principal balance, any accrued interest, the prepayment premium payable under Section 5 and all other amounts payable under this Note and any other Loan Document, shall at once become due and payable, at the option of Lender, without any prior notice to Borrower (except if notice is required by applicable law, then after such notice). Lender may exercise this option to accelerate regardless of any prior forbearance. For purposes of exercising such option, Lender shall calculate the prepayment premium as if prepayment occurred on the date of acceleration.

7.     Late Charge.  If any installment of principal and interest or other amount payable under this Note, the Security Instrument or any other Loan Document is not received in full by Lender within five (5) days after the accrued interest or other amount is due (unless applicable law requires a longer period of time before a late charge may be imposed, in which event such longer period shall be substituted), Borrower shall pay to Lender, immediately and without demand by Lender, a late charge equal to ten percent (10%) of such installment or other amount due (unless applicable law requires a lesser amount be charged, in which event such lesser amount shall be substituted).

Borrower acknowledges that its failure to make timely payments will cause Lender to incur additional expenses in servicing and processing the Loan and that it is extremely difficult and impractical to determine those additional expenses. Borrower agrees that the late charge payable pursuant to this Section 7 represents a fair and reasonable estimate, taking into account all circumstances existing on the date of this Note, of the additional expenses Lender will incur by reason of such late payment. The late charge is payable in addition to, and not in lieu of, any interest payable at the Default Rate pursuant to Section 8.

8.     Default Rate.  So long as (i) any monthly installment under this Note remains past due or (ii) any other Event of Default has occurred and is continuing, whether or not Lender has elected to accelerate the Indebtedness, then notwithstanding anything in Section 1 to the contrary, interest under this Note shall accrue on the unpaid principal balance from the payment due date of the first such unpaid monthly installment or the occurrence of such other Event of Default, as applicable, at the Default Rate. "Default Rate" means an annual interest rate equal to **thirty five and 00/100 (35.00%),** but in no event more than the highest rate permitted by the applicable usury law in respect of Borrower.

From and after the Maturity Date, the unpaid principal balance and all accrued interest shall continue to bear interest at the Default Rate until and including the date on which the entire principal balance is paid in full. Interest shall also accrue at the Default Rate on any judgment obtained by Lender against Borrower under this Note.

Borrower acknowledges that (i) its failure to make timely payments will cause Lender to incur additional expenses in servicing and processing the Loan, (ii) during the time that any monthly installment under this Note is delinquent, Lender will incur additional costs and expenses arising from its loss of the use of the money due and from the adverse impact on Lender's ability to meet its other

STANDARD DOC SET TEMPLATE – Reno LOC Note

obligations and to take advantage of other investment opportunities; and (iii) it is extremely difficult and impractical to determine those additional costs and expenses. Borrower also acknowledges that, during the time that any monthly installment under this Note is delinquent or any other Event of Default has occurred and is continuing, Lender's risk of nonpayment of this Note will be materially increased and Lender is entitled to be compensated for such increased risk. Borrower agrees that the increase in the rate of interest payable under this Note to the Default Rate represents a fair and reasonable estimate, taking into account all circumstances existing on the date of this Note, of the additional costs and expenses Lender will incur by reason of Borrower's delinquent payment and the additional compensation Lender is entitled to receive for the increased risks of nonpayment associated with a delinquent loan. During any period that the Default Rate is in effect, the additional interest accruing over and above the rate provided for in Section 1 shall be immediately due and payable in addition to the regularly scheduled payments.

     9.    <u>Costs and Expenses</u>.  To the fullest extent allowed by applicable law, Borrower shall pay: (a) all expenses and costs, including attorney's fees and costs incurred by Lender or any Loan servicer as a result of any default under this Note or in connection with efforts to collect any amount due under this Note, or to enforce the provisions of any of the other Loan Documents (whether or not any lawsuit or other proceeding is instituted), including those incurred in post-judgment collection efforts and in any bankruptcy proceeding (including any action for relief from the automatic stay of any bankruptcy proceeding) or judicial or non-judicial foreclosure proceeding; and (b) all expenses and costs, including attorney's fees and costs, incurred by Lender or any loan servicer in connection with the servicing of the Loan, including without limitation responding to requests from Borrower, and expenses and costs incurred in connection with potential defaults or other legal questions regarding the Loan.

     10.    <u>Forbearance</u>.  Any forbearance by Lender in exercising any right or remedy under this Note, the Security Instrument, or any other Loan Document or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of that or any other right or remedy. The acceptance by Lender of any payment after the due date of such payment, or in an amount which is less than the required payment, shall not be a waiver of Lender's right to require prompt payment when due of all other payments or to exercise any right or remedy with respect to any failure to make prompt payment. Enforcement by Lender of any security for Borrower's obligations under this Note shall not constitute an election by Lender of remedies so as to preclude the exercise of any other right or remedy available to Lender.

     11.    <u>Purpose of Indebtedness</u>.  Borrower represents and warrants to Lender that the proceeds of this Note will be used solely for business, commercial investment, or similar purposes, and that no portion of it will be used for agricultural, personal, family, or household purposes.

     12.    <u>Security</u>.  The Indebtedness is secured by, among other things, the Security Instrument and reference is made to the Security Instrument for other rights of Lender as the Collateral for the Indebtedness.

     13.    <u>Remedies; Remedies Cumulative</u>.  Upon the occurrence of any Event of Default, then the entire unpaid principal amount of the Loan hereunder plus all interest accrued thereon plus all other sums due and payable to Lender under the Loan Documents shall, at the option of Lender, become due and payable immediately. In addition to the foregoing, upon the occurrence of any Event of Default, Lender may forthwith exercise singly, concurrently, successively, or otherwise any and all rights and remedies available to Lender under any of the Loan Documents or with respect to any Property, or available to Lender by law, equity, statute or otherwise including, without limitation, the right to set off any sums deposited by Borrower with Lender or the loan servicer against the amounts due hereunder. Borrower, co-Borrowers, sureties, endorsers and guarantors, and each of them, expressly waive demand and presentment for payment, notice of nonpayment, protest, notice of protest, notice of dishonor, notice of

-4-

18.     Notices.  All notices required to be given to any of the parties hereunder shall be in writing and shall be deemed to have been sufficiently given for all purposes when given in the manner specified in the Loan Agreement.

19.     Captions.  The captions or heading of the paragraphs in this Note are for convenience only and shall not control or affect the meaning or construction of any of the terms or provisions of this Note.

20.     Governing Law.  This Note shall be governed by and construed in accordance with the laws of the **State of New Jersey** without giving effect to principles applicable to conflicts of laws.

21.     Forum.  Borrower irrevocably submits to the non-exclusive jurisdiction of any state or federal court sitting in **Camden County in the State of New Jersey** over any proceeding arising out of or relating to the loan documents.

22.     Replacement of Promissory Note.  Upon receipt of an affidavit of an officer of Lender as to the loss, theft, destruction or mutilation of this Note or any other security document which is not of public record, and, in the case of any such loss, theft, destruction or mutilation, upon cancellation of this Note or other security document, Borrower will issue, in lieu thereof, a replacement note or other security document in the same principal amount thereof and otherwise of like tenor.

23.     Definitions; Number and Gender.  In the event Borrower consists of more than one individual or entity, the obligations and liabilities hereunder of each of them shall be joint and several and the word "Borrower" shall mean all or some or any of them.  For purposes of this Note, the singular shall be deemed to include the plural and the neuter shall be deemed to include the masculine and feminine, as the context may require.  The references herein to the Loan Documents or any one of them shall include any supplements to or any amendments of or restatements of such Loan Documents or any one of them.

24.     Counterparts.  To facilitate execution, this Note may be executed in as many counterparts as may be convenient or required.  It shall not be necessary that the signatures of, or on behalf of, each party, or that the signature of all persons required to bind any party, appear on each counterpart.  All counterparts shall collectively constitute a single instrument.  It shall not be necessary in making proof of this Note to produce or account for more than a single counterpart containing the respective signatures of, or on behalf of, each of the parties hereto.  Any signature page to any counterpart may be detached from such counterpart without impairing the legal effect of the signatures thereon and thereafter attached to another counterpart identical thereto except having attached to it additional signature pages.

25.     JURY TRIAL WAIVER.  **BORROWER AND LENDER HEREBY WAIVE ANY AND ALL RIGHTS THAT THEY MAY HAVE NOW OR HEREAFTER HAVE UNDER THE LAWS OF THE UNITED STATES OF AMERICA OR ANY STATE TO A TRIAL BY JURY OF ANY AND ALL ISSUES ARISING EITHER DIRECTLY OR INDIRECTLY IN ANY ACTION OR PROCEEDING BETWEEN BORROWER AND LENDER OR THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, OUT OF OR IN ANY WAY CONNECTED WITH THIS NOTE. IT IS INTENDED THAT THIS WAIVER OF JURY TRIAL SHALL APPLY TO ANY AND ALL CLAIMS, DEFENSES, RIGHTS, AND/OR COUNTERCLAIMS IN ANY ACTION OR PROCEEDING.**

THIS NOTE REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.

IN WITNESS WHEREOF, Borrower, intending to be legally bound hereby, has executed this Note the day and year first above written.

BORROWER:

**Fraleg Jefferson Corp., a New York Corporation**

By: _____

**Name: Andy Alege**
**Title:   Member**