# EXHIBIT B



**NYC DEPARTMENT OF FINANCE**
**OFFICE OF THE CITY REGISTER**

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 21 |
|---|---|

| | | |
|---|---|---|
| Document ID: 2019122600446002 | Document Date: 12-10-2019 | Preparation Date: 12-27-2019 |

Document Type: MORTGAGE
Document Page Count: 20

| PRESENTER: | RETURN TO: |
|---|---|
| OMNI TITLE AGENCY<br>6800 JERICHO TURNPIKE, SUITE 212E<br>1904-2972209<br>SYOSSET, NY 11791<br>516-621-1100<br>GIO@OMNITITLE.COM | OMNI TITLE AGENCY<br>6800 JERICHO TURNPIKE, SUITE 212E<br>1904-2972209<br>SYOSSET, NY 11791<br>516-621-1100<br>GIO@OMNITITLE.COM |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BROOKLYN | 1995 | 34 | Entire Lot | 15 JEFFERSON AVENUE |

Property Type: DWELLING ONLY - 3 FAMILY

### CROSS REFERENCE DATA

CRFN_____  *or*  DocumentID_____  *or*  _____ Year_____ Reel____ Page_____  *or*  File Number_____

### PARTIES

| MORTGAGOR/BORROWER: | MORTGAGEE/LENDER: |
|---|---|
| FRALEG JEFFERSON CORP<br>198 SAINT JAMES PLACE<br>BROOKLYN, NY 11238 | TAM LENDING CENTER, INC.<br>1814 ROUTE 70 E, SUITE 200<br>CHERRY HILL, NJ 08003 |

### FEES AND TAXES

| Mortgage : | | Filing Fee: | |
|---|---|---|---|
| Mortgage Amount: | $ 1,800,900.00 | | $ 0.00 |
| Taxable Mortgage Amount: | $ 1,800,900.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | $ 0.00 |
| TAXES: County (Basic): | $ 9,004.50 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ 20,260.13 | | $ 0.00 |
| Spec (Additional): | $ 0.00 | | |
| TASF: | $ 4,502.25 | | |
| MTA: | $ 5,402.70 | | |
| NYCTA: | $ 0.00 | | |
| Additional MRT: | $ 0.00 | | |
| TOTAL: | $ 39,169.58 | | |
| Recording Fee: | $ 137.00 | | |
| Affidavit Fee: | $ 0.00 | | |

**RECORDED OR FILED IN THE OFFICE**
**OF THE CITY REGISTER OF THE**
**CITY OF NEW YORK**
Recorded/Filed       01-06-2020 09:40
City Register File No.(CRFN):
        **2020000003494**

*Annetta M Hill*

*City Register Official Signature*



RECORDING REQUESTED BY
AND WHEN RECORDED MAIL TO:

[_____]
[_____]

---

*(space above this line for recorder's use only)*

**Fraleg Jefferson Corp,, a NY Corporation**, as grantor
(Grantor)

in favor of

**TAM LENDING CENTER, INC., STATE OF NEW JERSEY CORPORATION**, as beneficiary
(TAM Lending Center, Inc.)

---

**DEED OF TRUST, ASSIGNMENT OF LEASES AND RENTS,
SECURITY AGREEMENT AND FIXTURE FILING**

---

Dated:          Executed as of **December 10, 2019** for delivery as of
**December 10, 2019**

THIS SECURITY INSTRUMENT IS TO BE INDEXED AS BOTH A DEED OF TRUST AND A
FIXTURE FILING FILED AS A FINANCING STATEMENT.



## DEED OF TRUST, ASSIGNMENT OF LEASES AND RENTS,
## SECURITY AGREEMENT AND FIXTURE FILING

This Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing (this "Deed of Trust") is executed as of **December 10, 2019** for delivery as of **December 10, 2019**, by **Fraleg Jefferson Corp., a NY Corporation** ("Grantor"), having a mailing address of **198 Saint James Place Brooklyn, NY 11238**

in favor of

**TAM LENDING CENTER, INC.** (Lender), a **NJ Corporation**, having a mailing address of **1814 Route 70 E, Suite 200 Cherry Hill, NJ 08003**

RECITALS:

WHEREAS, Grantor has executed and delivered to TAM Lending Center, Inc. its promissory note dated this date ("Note"), payable to the order of TAM Lending Center, Inc. in the stated principal sum of **One Million Eight Hundred Thousand Nine Hundred Dollars and 00/100 ($1,800,900)** (the "Loan"), payable with interest and on the terms and conditions set forth therein, all of which are incorporated herein by reference. Grantor and TAM Lending Center, Inc. have executed a loan agreement dated this date ("Loan Agreement"), pursuant to the terms of which TAM Lending Center, Inc. has agreed to make the Loan to Grantor under the terms and conditions set forth therein, all of which are incorporated herein by reference. The Loan Agreement, the Note, this Deed of Trust, and any other document executed and delivered in connection with the Loan including, without limitation, any guaranty of, and any other collateral securing any of, Grantor's obligations under any of the Loan Documents are sometimes individually referred to herein as a "Loan Document" and collectively as the "Loan Documents".

NOW THIS DEED OF TRUST WITNESSETH, to secure the payment of the said indebtedness with interest as aforesaid and otherwise in accordance with the terms and conditions of the Note and all extensions, modifications and renewals thereof and the performance of the covenants and agreements contained herein, together with all other sums recoverable by TAM Lending Center, Inc. under the terms of the Loan Documents, together with all existing and future liabilities of Grantor to TAM Lending Center, Inc. under the Loan Documents or otherwise (said indebtedness, interest and all other sums and liabilities are hereinafter collectively referred to as the "Aggregate Debt"), and as security for the due and timely performance by Grantor of all of the other provisions of the Loan Documents, and intending to be legally bound hereby, and in consideration therefor, Grantor hereby GRANTS, BARGAINS, SELLS, ALIENATES, ENFEOFFS, CONVEYS, ASSIGNS, TRANSFERS, RELEASES, PLEDGES, and MORTGAGES to Trustee, in trust for the benefit of TAM Lending Center, Inc., all that certain real property, as more fully described in Exhibit A attached hereto and made a part hereof (the "Real Property"; the Real Property and any other collateral securing any of Grantor's obligations under any of the Loan Documents are hereinafter referred to collectively as the "Collateral");

TOGETHER WITH all right, title, and interest of Grantor in and to the following property rights and interests, which Grantor hereby assigns to Trustee for the benefit of TAM Lending Center, Inc. until the Aggregate Debt is paid (the Real Property together with the following property being hereinafter collectively called the "Mortgaged Property"):

This Agreement covers real property principally improved, or to be improved, by one or more structures containing, in the aggregate, not more than six (6) residential dwelling units with each having its own separate cooking facilities.

-2-

STANDARD DOC SET TEMPLATE – Security Instrument

       (a)     all buildings and other improvements now or hereafter located on the Real Property ("Improvements");

       (b)     all streets, lanes, alleys, passages, ways, water courses, easements, rights, liberties, privileges, tenements, hereditaments and appurtenances whatsoever thereunto belonging to or in any way made appurtenant hereafter, and the reversions and remainder, with respect thereto ("Appurtenances");

       (c)     all machinery, apparatus, equipment, furniture, furnishings, fixtures, inventory, goods, appliances, and other property of every kind and nature whatsoever, together with replacements thereof and accessories, parts or accessions thereto, owned by Grantor or in which Grantor has or shall have an interest, and whether or not now or hereafter located on the Real Property, and any and all proceeds of any of the foregoing ("Equipment");

       (d)     all building materials, building machinery and building equipment delivered on site to the Real Property during the course of, or in connection with, the construction of, or reconstruction of, or remodeling of any building and improvements from time to time during the term of this Deed of Trust ("Building Equipment");

       (e)     all general intangibles relating to the development or use of the Real Property, including, but not limited to, all licenses, permits and agreements from or with all boards, agencies, departments, public utilities, governmental or otherwise, all names under which or by which the Real Property or Improvements may at any time be operated or known and all rights to carry on business under any such names or any variations thereof, all trademarks and goodwill in any way relating to the Real Property, all shares of stock or other evidence of ownership of any part of the Real Property owned by Grantor in common with others, and all documents of membership in any owners or members association or similar group having responsibility for managing or operating any portion or all of the Real Property ("Intangibles");

       (f)     all awards or payments, including interest thereon, which may be made with respect to the Real Property and Improvements, whether from the exercise of the right of eminent domain (including any transfer made in lieu of the exercise of said right), or for any other injury to or decrease in the value of the Real Property or Improvements including, without limitation, all awards or payments of estimated compensation, all damages to the Real Property or Improvements resulting from any taking, all machinery and equipment dislocation expenses, all settlement amounts, all apportionments of taxes, reimbursement of attorneys and engineers fees, all moving expenses and all business dislocation expenses ("Awards");

       (g)     all insurance policies covering the Real Property or Improvements and all proceeds of any unearned premiums on any such insurance policies including, without limitation, the right to receive and apply the proceeds of any insurance, judgments, or settlements made in lieu thereof, for damage to the Real Property or Improvements ("Insurance Policies");

       (h)     all leases, agreements of sale and other agreements affecting the use or occupancy of any portion or all of the Real Property or Improvements, whether heretofore or hereafter executed and all rights to payment under any such lease or agreement ("Leases and Agreements");

       (i)     all rents, receipts, issues, profits and other income of any and all kinds (including deposits) received or receivable and due or to become due from the sale or lease of any property, goods or materials or from the rendering of services including, but not limited to (i) the lease or sale of all or a portion of the Real Property or Improvements, or (ii) the operation of any income-producing facility on



STANDARD DOC SET TEMPLATE – Security Instrument

the Real Property or Improvements (all of such proceeds, receipts and income are hereinafter referred to as the "<u>Income and Rents</u>" and all such rights are hereinafter referred to as the "<u>Accounts Receivable</u>");

(j)     any securities or guaranties held by Grantor with respect to any of the Intangibles, Awards, Leases or Accounts Receivable, and any notes, drafts, acceptances, chattel paper, documents, or other instruments evidencing the same ("<u>Securities</u>");

(k)     all funds deposited by Grantor with TAM Lending Center, Inc. pursuant to the Loan Agreement or otherwise, all reserves, deferred payments, deposits, refunds, cost savings and payments of any kind relating to the Improvements ("<u>Deposits</u>");

(l)     all plans and specifications prepared for renovations to or construction of the Improvements and all studies, data and drawings related thereto; and also all contracts and agreements relating to the aforesaid plans and specifications or to the aforesaid studies, data and drawings, or to the renovations to or construction of Improvements ("<u>Plans</u>");

(m)     the right, in the name and on behalf of itself or Grantor, to appear in or defend any action or proceeding brought with respect to the Real Property or Improvements (including without limitation, any condemnation or arbitration proceedings) and to commence any action or proceedings to protect the interest of TAM Lending Center, Inc. in the Real Property and Improvements;

(n)     all refunds, rebates or credits in connection with reduction in real estate taxes and assessments charged against the Mortgaged Property as a result of tax certiorari or any applications or proceedings for reduction of taxes;

(o)     all proceeds of any of the foregoing, including, without limitation, proceeds of insurance and condemnation awards, whether cash or otherwise ("<u>Proceeds</u>"); and

(p)     any and all other rights of Grantor in and to the items set forth in subsections (a) through (o) above.

TO HAVE AND TO HOLD the Mortgaged Property unto Trustee for the benefit of TAM Lending Center, Inc., its successors and assigns forever. All right, title and interest of Grantor in and to all extensions, improvements, betterments, renewals, substitutes and replacements of, and all additions and appurtenances to the Mortgaged Property hereafter acquired by, or released to, Grantor or constructed, assembled or placed by Grantor on the Real Property, and all conversions of the security constituted thereby, immediately upon such acquisition, release, construction, assembling, placement or conversion, as the case may be, and in each such case, without any further mortgage, pledge, conveyance, assignment or other act by Grantor, shall become subject to the lien of this Deed of Trust as fully and completely, and with the same effect, as though now owned by Grantor and specifically described herein. Notwithstanding the foregoing, Grantor shall, at its own cost, make, execute, acknowledge, deliver and record any and all such further acts, deeds, conveyances, mortgages, notices of assignment, transfers, assurances and other documents as TAM Lending Center, Inc. shall from time to time require for better assuring, conveying, assigning, transferring and confirming unto TAM Lending Center, Inc. of the Mortgaged Property and the other rights hereby conveyed or assigned or intended now or hereafter so to be, or which Grantor may be or may hereafter become bound to convey or assign for carrying out the intention of facilitating the performance of the terms of this Deed of Trust. In addition, Grantor hereby agrees that this Deed of Trust is a security agreement under the Uniform Commercial Code and creates in TAM Lending Center, Inc. a security interest thereunder in, among other things, all Equipment, Building Equipment, Intangibles, Awards, Insurance Policies, Leases and Agreements, Income and Rents, Accounts Receivable, Securities, Deposits, Plans and Proceeds. Upon the filing of this Deed of Trust in



-4-

the office of the recorder of deeds in and for the county where the Real Property is located, this Deed of Trust shall also be effective as a financing statement filed in such office as a fixture filing. Grantor shall, at its own cost and expense, execute, deliver and file any financing statements, continuation certificates and other documents TAM Lending Center, Inc. may require from time to time to perfect and maintain in favor of TAM Lending Center, Inc. a security interest under the Uniform Commercial Code in such Equipment, Building Equipment, Intangibles, Awards, Insurance Policies, Leases and Agreements, Income and Rents, Accounts Receivable, Securities, Deposits, Plans and Proceeds. Without limiting the generality of any of the foregoing, Grantor hereby irrevocably appoints TAM Lending Center, Inc. attorney-in-fact for Grantor to execute, deliver and file any of the documents referred to hereinabove for and on behalf of Grantor. Grantor shall not change its principal place of business without giving TAM Lending Center, Inc. at least thirty (30) days' prior written notice thereof. Grantor hereby irrevocably authorizes TAM Lending Center, Inc. to prepare and file and/or record, as applicable, new financing statements from Grantor in the same form as the financing statements delivered to TAM Lending Center, Inc. on the date hereof except for the change of address and unless the standard form accepted by the State where the Real Property is located or where the Grantor was formed has changed, in which event such financing statement shall be in the new form. Upon any Event of Default hereunder or under any of the other Loan Documents, TAM Lending Center, Inc. shall have in addition to any other rights and remedies hereunder or under the other Loan Documents, all of the rights and remedies granted to a secured party under the Uniform Commercial Code with respect to all personal property. To the extent permitted by law, Grantor agrees that the items set forth on the financing statements shall be treated as part of the Real Property and Improvements regardless of the fact that such items are set forth on the financing statements.

PROVIDED ALWAYS, and these presents are upon this express condition, that if Grantor or its successors or assigns shall well and truly pay or cause to be paid unto TAM Lending Center, Inc., its successors or assigns, the Aggregate Debt secured by this Deed of Trust, and otherwise perform Grantor's obligations under the Loan Documents, then this Deed of Trust, and the estate hereby granted, shall cease, terminate and be void, and TAM Lending Center, Inc. shall furnish to Grantor a satisfaction of this Deed of Trust in proper form for recording, but TAM Lending Center, Inc. shall not be required to bear any expense or cost in connection with such satisfaction or the recording thereof.

THIS DEED OF TRUST also secures advances made by TAM Lending Center, Inc. with respect to the Mortgaged Property for the payment of taxes, assessments, maintenance charges, and insurance premiums, costs incurred by TAM Lending Center, Inc. for the protection of the Mortgaged Property or the lien of this Deed of Trust, including reasonable attorneys' fees, and expenses incurred by TAM Lending Center, Inc. by reason of the occurrence of an Event of Default hereunder, including reasonable attorneys' fees, and the priority of such advances, costs and expenses shall relate back to the date of this Deed of Trust, or to such later date as required by applicable law.

GRANTOR REPRESENTS AND WARRANTS TO AND COVENANTS WITH TAM Lending Center, Inc. and Trustee as follows:

1.    <u>Title</u>. As of the date hereof (a) Grantor has good and marketable title to an indefeasible fee simple estate in the Mortgaged Property subject to no lien, charge, or encumbrance except for the Permitted Encumbrances (as defined in the Loan Agreement) and for the lien evidenced by this Deed of Trust; (b) this Deed of Trust is and shall remain a valid and enforceable first lien on the Mortgaged Property subject only to the matters referred to in subsection (a) hereof; (c) Grantor shall preserve such title, and all of its rights in and to the Mortgaged Property, and shall forever warrant and defend the validity and priority of the lien hereof against the claims of all persons and entities whomsoever, subject only to the matters referred to in subsection (a) hereof; and (d) Grantor has full power and lawful

STANDARD DOC SET TEMPLATE – Security Instrument

authority to mortgage the Mortgaged Property and grant a security interest therein in the manner and form herein done or intended hereafter to be done.

    2.    <u>Payment and Performance</u>. Grantor shall:

        (a)    punctually pay the Aggregate Debt, in the amounts and at the times and places that the same may be due, and perform and comply with all of the terms, covenants, conditions and obligations contained in the Loan Documents;

        (b)    pay a late charge in the amount and as otherwise provided in the Loan Documents to cover the expense involved in handling such late payment; and

        (c)    pay on or before the due date thereof any indebtedness which may be secured by a lien or charge on the Mortgaged Property and upon request of TAM Lending Center, Inc. exhibit satisfactory evidence of the discharge thereof.

    3.    <u>Taxes and Other Charges</u>. Subject to the provisions of Section 5 hereof, Grantor shall pay all taxes of every kind and nature (including real and personal property, income, gross receipts, franchise, profits, sales and withholding taxes), all general and special assessments, water and sewer rents and charges, and all levies, permits, inspection and license fees and other public charges now or hereafter levied or assessed against the Mortgaged Property as liens or assessments (hereinafter individually called a "<u>Tax</u>" and collectively the "<u>Taxes</u>") as the same shall become due and payable from time to time and before interest or penalties accrue thereon; provided, however, that Grantor shall not be required to pay any Tax to the extent that nonpayment thereof is permitted while the validity thereof is being contested, so long as (a) Grantor notifies TAM Lending Center, Inc. in writing of its intention to contest the validity thereof, (b) the validity thereof is being contested in good faith by Grantor, (c) Grantor deposits with TAM Lending Center, Inc. if TAM Lending Center, Inc. so requests an amount deemed sufficient to make such payment if the contest is unsuccessful and (d) no Event of Default is continuing nor does there exist any fact or circumstance which with notice or the passage of time or both could constitute an Event of Default. Notwithstanding the foregoing, Grantor shall under no circumstances permit the Mortgaged Property to be sold or advertised for sale for nonpayment of any Tax. Grantor shall not apply for or claim any deduction from the taxable value of the Mortgaged Property because of the existence of the Note or this Deed of Trust. Subject to Grantor's right to contest any Tax as hereinabove provided, Grantor shall deliver to TAM Lending Center, Inc. receipts evidencing the payment of such Tax on or before the last day on which any Tax may be paid without interest or penalties or as soon thereafter as such receipts are available.

    4.    <u>Insurance</u>. Grantor shall provide and maintain in force at all times (a) hazard/casualty insurance insuring all Improvements, Building Equipment and Equipment which now are or hereafter become a part of the Mortgaged Property for perils covered by an all risk insurance policy with an ordinance or law coverage endorsement containing both replacement costs and agreed amount endorsements or options naming TAM Lending Center, Inc., as "First Mortgagee and First Loss Payee/TAM Lending Center, Inc.'s Loss Payable" in an amount equal to 100% of the full replacement cost; (b) commercial general liability insurance for the Mortgaged Property, naming TAM Lending Center, Inc. as an additional insured protecting Grantor and TAM Lending Center, Inc. against liability for bodily injury or property damage occurring in, on or adjacent to the Mortgaged Property in commercially reasonable amounts, with a combined single limit of not less than One Million Dollars ($1,000,000.00) per occurrence for each person and for property damage; (c) boiler and machinery insurance if the Mortgaged Property has a boiler; (d) rental value insurance for the perils specified herein for one hundred percent (100%) of the rents (including operating expenses, real estate taxes, assessments and insurance costs which are any lessee's liability) for a period of twelve (12) months; and (e) insurance



STANDARD DOC SET TEMPLATE – Security Instrument

against any other hazards as may be reasonably required by the TAM Lending Center, Inc., including, without limitation, ordinance and law coverage and insurance against loss and damage by flood if any portion of the Improvements is located in an area identified as having special flood hazards, in such amounts as may be determined by TAM Lending Center, Inc..

Any policy or policies with respect to all of the above-mentioned insurance (the "Policy") (i) shall be issued by an insurer acceptable to TAM Lending Center, Inc., (ii) shall contain a provision that TAM Lending Center, Inc. shall be given thirty (30) days' prior written notice of material change or cancellation of said Policy and that no such change or cancellation shall be effective as to TAM Lending Center, Inc. in the absence of such notice, and (iii) shall contain such other provisions as shall from time to time be required by TAM Lending Center, Inc.. Any such Policy may provide for customary "deductibles" provided the limits thereof are satisfactory to TAM Lending Center, Inc.. Not less than fifteen (15) days' prior to any date upon which any premium for such insurance shall be due and payable and subject to the terms of Section 5 hereof, Grantor shall deliver to TAM Lending Center, Inc. satisfactory evidence that such premium has been paid, and further, not less than fifteen (15) days' prior to the expiration date of any Policy, Grantor shall deliver to TAM Lending Center, Inc. satisfactory evidence of the renewal of such Policy. In the event of the foreclosure of the Deed of Trust or other transfer of Grantor's interest in the Mortgaged Property in satisfaction of the Aggregate Debt, all right, title and interest of Grantor to any Policy then in force covering the Mortgaged Property shall pass to the transferee of the Mortgaged Property.

5.    Tax and Insurance Escrow. The Tax and Insurance Escrow Account (as defined in the Loan Agreement) shall be established as provided in Section 4.1(g) of the Loan Agreement.

6.    Casualty Loss.

(a)    Grantor shall notify TAM Lending Center, Inc. in writing within five (5) business days of the occurrence of any damage to or destruction affecting the Mortgaged Property. Grantor hereby directs any insurer to pay directly to TAM Lending Center, Inc. any moneys payable under any Policy, and Grantor hereby appoints TAM Lending Center, Inc. as attorney-in-fact to endorse any draft therefor. Sums paid to TAM Lending Center, Inc. by any insurer may be retained and, after deducting therefrom any expenses incurred in the collection thereof, including without limitation, attorneys' and expert witness' fees and costs, shall be applied as follows:

(i)    In the event such proceeds paid to TAM Lending Center, Inc. in connection with any single claim for any loss do not exceed five (5%) percent of the unpaid principal balance of the Note, and so long as (w) no Event of Default shall be continuing, (x) the Improvements, Building Equipment and Equipment can, in TAM Lending Center, Inc.'s sole discretion be restored at least one (1) year prior to the Maturity Date (as defined in the Note), (y) in TAM Lending Center, Inc.'s judgment upon restoration (A) the value of the Improvements, Building Equipment and Equipment shall at least equal their value immediately prior to such casualty and (B) the income will be sufficient to cover operating expenses of the Mortgaged Property and debt service on the Loan with the same debt service coverage ratio as reasonably determined by TAM Lending Center, Inc. as existed as of the date hereof or immediately prior to such casualty, whichever is greater, and (z) there are sufficient sums available, as reasonably determined by TAM Lending Center, Inc., for repairs and restoration and for payments of all amounts to become due under the Loan Documents during the repairs and restoration, then TAM Lending Center, Inc. shall advance outright such proceeds to Grantor, solely for purposes of repairing and restoring the Improvements, Building Equipment and Equipment; or

(ii)    In the event such proceeds paid to TAM Lending Center, Inc. in connection with any single claim for any loss exceed five (5%) percent of the unpaid principal balance of



-7-

the Note <u>AND</u> do not exceed thirty (30%) percent of the unpaid principal balance of the Note, and so long as (v) no Event of Default shall be continuing, (x) the Improvements, Building Equipment and Equipment can, in TAM Lending Center, Inc.'s sole discretion be restored to at least one (1) year prior to the Maturity Date (as defined in the Note), (y) in TAM Lending Center, Inc.'s judgment, upon restoration (A) the value of the Improvements, Building Equipment and Equipment shall at least equal their value immediately prior to such casualty and (B) the income will be sufficient to cover operating expenses of the Mortgaged Property and debt service on the Loan with the same debt service coverage ratio as reasonably determined by TAM Lending Center, Inc. as existed as of the date hereof or immediately prior to such casualty, whichever is greater, and (z) there are sufficient sums available, as reasonably determined by TAM Lending Center, Inc., for repairs and restoration and for payments of all amounts to become due under the Loan Documents during the repairs and restoration, then TAM Lending Center, Inc. shall advance such proceeds to Grantor, in accordance with subsection 6(c) below, solely for purposes of repairing and restoring the Improvements, Building Equipment and Equipment; or

(iii)      In the event the such proceeds paid to TAM Lending Center, Inc. in connection with any single claim for loss exceed thirty (30%) percent of the unpaid principal balance of the Note, TAM Lending Center, Inc., in its sole discretion, may apply such proceeds toward payment of the unpaid principal balance of the Note (whether or not any portion thereof may then be due and payable) in such priority and proportions as TAM Lending Center, Inc. in its discretion shall deem proper, and any sums not so applied, at the discretion of TAM Lending Center, Inc., shall be paid, either in whole or in part, to Grantor for such purposes and upon such conditions as TAM Lending Center, Inc. shall designate related to the Mortgaged Property.

(b)      Regardless of the cause of the damage or destruction or the availability or sufficiency of insurance proceeds until all indebtedness secured hereby shall be fully paid, Grantor shall be obligated to repair, restore, and rebuild any Improvements, Building Equipment and Equipment so damaged or destroyed. Repair and restoration of the Improvements, Building Equipment and Equipment shall be commenced promptly after the occurrence of the loss and shall be prosecuted to completion diligently, the Improvements, Building Equipment and Equipment shall be so restored and rebuilt as to be of at least equal value and substantially the same character as prior to such damage and destruction. In the event the estimated costs of rebuilding and restoration exceed twenty-five percent (25%) of the indebtedness then remaining unpaid as secured hereby, the drawings and specifications pertaining to such rebuilding and restoration shall be subject to the prior written approval of TAM Lending Center, Inc..

(c)      In the event that Grantor is to be reimbursed out of the insurance proceeds for the costs of repairs and restoration, such proceeds shall be made available from time to time upon the furnishing to TAM Lending Center, Inc. of satisfactory evidences of the estimated cost of completion thereof and such architect's certificates, waivers of lien, contractor's sworn statements, and other evidence of cost and of payment and of the continued priority of the lien hereof over any potential liens of mechanics and materialmen as TAM Lending Center, Inc. may require and approve. No payment made by TAM Lending Center, Inc. prior to the final completion of the work shall, together with all payments theretofore made, exceed ninety percent (90%) of the cost of the work performed to the time of payment, and at all times the undisbursed balance of said proceeds shall be at least sufficient to pay for the cost of completion of the work free and clear of liens. Any proceeds remaining after payment of the cost of rebuilding and restoration shall, at the option of TAM Lending Center, Inc., either be applied in reduction of the indebtedness secured hereby or paid to Grantor.

(d)      Should such damage or destruction occur after foreclosure or sale proceedings have been instituted, the proceeds of any such insurance policy or policies, if not applied in rebuilding or restoration of the Improvements, Building Equipment and Equipment, shall be used to pay the indebtedness then due and owing in the event of a non-judicial sale or the amount due in accordance with



-8-

any decree of foreclosure or deficiency judgment that may be entered in connection with such proceedings, and the balance, if any, shall be paid to the owner of the equity of redemption if such owner shall then be entitled to the same, or otherwise as any court having jurisdiction may direct. Following any foreclosure sale, or other sale of the Mortgaged Property by TAM Lending Center, Inc. pursuant to the terms hereof, TAM Lending Center, Inc. is authorized without the consent of Grantor to assign any and all insurance policies to the purchaser at the sale and to take such other steps as TAM Lending Center, Inc. may deem advisable to cause the interests of such purchaser to be protected by any of such insurance policies.

      7.    <u>Condemnation</u>. See Section 4.1(l) of the Loan Agreement for provisions related to condemnation actions and the treatment of condemnation proceeds.

      8.    <u>Preservation of Lien; Conveyance of Title</u>.

      (a)    Grantor shall pay, from time to time as and when the same shall become due, all claims and demands of any persons or entities which, if unpaid, might result in or permit the creation of a lien on the Mortgaged Property or any part thereof, and in general shall do or cause to be done everything necessary so that the lien hereof shall be fully preserved and so that there shall not be created, permitted or suffered to exist any lien, encumbrance or charge affecting the Mortgaged Property other than those matters referred to in subsection 1(a) hereof which have been approved in writing by TAM Lending Center, Inc., all at the sole cost of Grantor. At TAM Lending Center, Inc.'s election, and without notice to Grantor, TAM Lending Center, Inc. may make but is not obligated to make, any payments which Grantor has failed to make under any prior lien, but such payment by TAM Lending Center, Inc. shall not release Grantor from Grantor's obligations or constitute a waiver of Grantor's default hereunder. Any sum so expended by TAM Lending Center, Inc. shall be secured by this Deed of Trust, together with interest thereon at the rate stipulated in the Note from the date such payment is made by TAM Lending Center, Inc. until the date of repayment by Grantor. Notwithstanding the foregoing, Grantor shall have the right, at its sole cost and expense, to contest in good faith by any lawful means any such claims and demands, provided that it notifies TAM Lending Center, Inc. in writing of its intention to do so and deposits with TAM Lending Center, Inc., if TAM Lending Center, Inc. so requests, an amount deemed sufficient by TAM Lending Center, Inc. to satisfy such claims and demands if it is ultimately determined that Grantor is responsible therefor.

      (b)    Grantor shall not convey or transfer, or attempt to convey or transfer or permit or suffer a conveyance or transfer of legal or equitable title to the Mortgaged Property or any part thereof and whether such conveyance or transfer is voluntary, involuntary, by operation of law or otherwise, so long as any part of the Aggregate Debt remains unpaid without the prior written consent of TAM Lending Center, Inc., except as permitted pursuant to the terms of the Loan Agreement.

      9.    <u>Maintenance and Repair; Compliance with Laws and Regulations</u>. Grantor shall cause the Mortgaged Property to be maintained in good condition and repair, reasonable wear and tear and casualty or condemnation loss excepted. None of the Improvements, Equipment, or Building Equipment shall be removed, demolished, materially altered, or sold (except for normal replacement of the Equipment and except as may be contemplated in the Loan Agreement), without the prior written consent of TAM Lending Center, Inc. Grantor shall promptly repair, replace or rebuild any part of the Mortgaged Property which may be damaged or destroyed by any casualty or which may be affected by any condemnation or eminent domain proceeding. Grantor shall promptly comply with all laws, orders, ordinances, regulations, restrictions and requirements of governmental authorities, of courts and of insurance companies applicable to Grantor or affecting the Mortgaged Property, or the use thereof. Grantor also shall promptly comply with the provisions of any recorded covenants, conditions or restrictions to which the Mortgaged Property or any part thereof may at any time be subject. Grantor

STANDARD DOC SET TEMPLATE – Security Instrument

shall not cause or allow the construction or erection of any public, municipal or utility improvements upon the Mortgaged Property other than those required by public authorities, without the prior written consent of TAM Lending Center, Inc.. Grantor shall not drill or extract or enter into any lease for the drilling for or extraction of oil, gas or other hydrocarbon substances or any mineral of any kind or character on or from the Mortgaged Property or any part thereof without the prior written consent of TAM Lending Center, Inc. Grantor shall not seek, make, or consent to any change in zoning or conditions of use of the Mortgaged Property without the prior written consent of TAM Lending Center, Inc.

10.   <u>Leases</u>. Except as may be permitted in the Loan Agreement, Grantor shall not enter into any lease or similar agreement for space in or on the Mortgaged Property without in each case obtaining TAM Lending Center, Inc.'s prior written approval of all the terms and conditions thereof and, once approved, Grantor shall not amend, modify, or cancel any such lease or similar agreement or assign any amounts due thereunder without obtaining TAM Lending Center, Inc.'s prior written approval.

11.   <u>Required Notice</u>. Grantor shall give TAM Lending Center, Inc. prompt written notice of any action or proceeding purporting to affect the Mortgaged Property of which it has actual knowledge including, without limitation, the following:

(a)   a material casualty to the Mortgaged Property;

(b)   receipt of notice of condemnation of the Mortgaged Property or any part thereof;

(c)   receipt of notice from any governmental authority relating to the structure, use or occupancy of the Mortgaged Property; or

(d)   commencement of any litigation materially affecting the Mortgaged Property.

TAM Lending Center, Inc. shall have the right to appear in or defend any such action or proceeding to the same extent as Grantor. Furthermore, TAM Lending Center, Inc. shall have the right to bring any action or proceeding, in the name and on behalf of itself or Grantor, which TAM Lending Center, Inc., in its discretion, feels should be brought to protect its interest in the Mortgaged Property or any part thereof.

12.   <u>TAM Lending Center, Inc.'s Right to Cure</u>. TAM Lending Center, Inc. shall have the right, but not the obligation, at TAM Lending Center, Inc.'s election and without notice to Grantor, to cure any default by Grantor under any of the Loan Documents or under any mortgage or with respect to any security interest, lien or encumbrance which is senior in lien and position to this Deed of Trust. Any payments made or expenses reasonably incurred by TAM Lending Center, Inc. in the exercise of such right shall not release Grantor from Grantor's obligation or constitute a waiver of Grantor's default hereunder. Any such payments made or expenses incurred by TAM Lending Center, Inc. shall be repayable on demand by TAM Lending Center, Inc., together with interest thereon at the rate specified in the Note from the date such payment was made or such expense was incurred, and the aggregate amount thereof, including such interest, shall become part of the Aggregate Debt and shall be secured by the lien of this Deed of Trust.

13.   <u>Certificate of No Offsets</u>. Within ten (10) days after being requested to do so by TAM Lending Center, Inc., which request will be accompanied by a statement prepared by TAM Lending Center, Inc. setting forth the then remaining unpaid amount of the Aggregate Debt, Grantor shall furnish to TAM Lending Center, Inc. or any proposed assignee of this Deed of Trust a statement, duly executed, acknowledged and certified by Grantor, acknowledging the remaining unpaid amount of the Aggregate Debt and stating whether there exists any uncured defaults, offsets or defenses thereto.



14.    <u>Right to Inspect</u>.  Grantor shall permit TAM Lending Center, Inc. and its agents to enter and inspect the Mortgaged Property or any part thereof at all reasonable times and subject to the rights of tenants.

15.    <u>Revenue, Tax or Other Stamps</u>.  Grantor shall pay the cost of any revenue, tax,  or other stamps (other than those relating to income) now or hereafter required by the laws of the State where the Real Property is located or the United States to be affixed to the Note or this Deed of Trust and if any taxes are imposed under the laws of the State where the Real Property is located or the United States with respect to debts secured by a mortgage, or with respect to evidences of indebtedness so secured, Grantor shall pay or reimburse TAM Lending Center, Inc. upon demand the amount of such taxes without credit against any indebtedness evidenced by the Note.  If Grantor does not or may not do so, TAM Lending Center, Inc. may at its option accelerate the indebtedness evidenced by the Note to maturity as in the case of default by Grantor.

16.    <u>Possession</u>.  Until an Event of Default shall have occurred under this Deed of Trust, Grantor shall be permitted to retain actual possession of the Mortgaged Property, to manage, operate, use and enjoy the same and all rights appertaining thereto, and to collect, receive, take, use, and enjoy the Income and Rents.  The right of Grantor to collect the Income and Rents may be revoked by TAM Lending Center, Inc. at any time and from time to time after an Event of Default has occurred under this Deed of Trust, by giving notice of such revocation to Grantor.  Following the giving of such notice, TAM Lending Center, Inc. may retain and apply the Income and Rents toward payment of the Aggregate Debt in such priority and proportions as TAM Lending Center, Inc., in its discretion, shall determine.

17.    <u>Events of Default</u>.  The occurrence of any one or more of the following events shall constitute an Event of Default hereunder:

(a)    Grantor shall fail to make or cause to be made any payment due to TAM Lending Center, Inc. (and TAM Lending Center, Inc. does not receive such payment) under any Loan Document when such payment is due and payable or shall fail to make or cause to be made any payment for utilities, real estate taxes, or assessments referred to in this Deed of Trust or insurance premiums for the insurance required under this Deed of Trust when such payment is due;

(b)    Except as otherwise specifically provided for in this Deed of Trust or the Loan Agreement, Grantor shall fail to observe and perform any of the covenants or agreements on its part to be observed or performed under this Deed of Trust or under any of the other Loan Documents within thirty (30) days after written notice from TAM Lending Center, Inc. of such non-compliance;

(c)    Any representation or warranty of Grantor under this Deed of Trust or under any of the other Loan Documents shall be untrue in any material respect when made;

(d)    Any Event of Default shall occur under the terms of any of the other Loan Documents; or

(e)    Except as otherwise specifically permitted under the Loan Agreement, Grantor shall have conveyed or transferred, or attempted to convey or transfer or permit or suffer a conveyance or transfer of legal or equitable title to the Mortgaged Property or in the ownership interest in the Grantor or any part thereof and whether such conveyance or transfer is voluntary, involuntary, by operation of law or otherwise, so long as any part of the Aggregate Debt remains unpaid without the prior written consent of TAM Lending Center, Inc..

18.    <u>Remedies</u>.  Upon the occurrence of any Event of Default:



-11-

(a)    The Aggregate Debt shall, at the option of TAM Lending Center, Inc., become due and payable immediately without presentment, demand, notice of nonpayment, protest, notice of protest or other notice of dishonor, all of which are hereby expressly waived by Grantor.

(b)    TAM Lending Center, Inc. may institute appropriate proceedings at law or equity to collect the amount of the Aggregate Debt then due (by acceleration or otherwise), or for specific performance, Grantor acknowledges that all such covenants may be specifically enforced by TAM Lending Center, Inc. by injunction or other appropriate equitable remedy), or to recover damages for any breach thereof, or to institute an action of mortgage foreclosure against the Mortgaged Property, or take such other action at law or in equity for the enforcement of this Deed of Trust and realization on the mortgage security or any other security herein or elsewhere provided for, and proceed therein to final judgment and execution for the Aggregate Debt, with interest as specified in Section 20 below, together with costs and expenses as specified in Section 21 below.

(c)    With or without demand upon Grantor for the surrender of possession, TAM Lending Center, Inc. may enter upon and take possession of the Mortgaged Property, without liability for trespass, damages or otherwise and, upon so doing, TAM Lending Center, Inc. may, in its discretion and in addition to any of its other rights, as TAM Lending Center, Inc. in possession, alter, improve, complete or repair the Mortgaged Property (and in so doing TAM Lending Center, Inc. shall have the right to use the Mortgaged Property and to expend such amount for that purpose as TAM Lending Center, Inc. shall deem best, all of which, with interest thereon at the rate specified in the Note from date of payment, shall be repayable by Grantor on demand and shall be secured hereby), and operate, rent, sell or lease the same in the name of Grantor or TAM Lending Center, Inc. upon such terms and conditions as TAM Lending Center, Inc. shall deem appropriate, and Grantor hereby irrevocably appoints TAM Lending Center, Inc. attorney-in-fact for Grantor for all such purposes.

(d)    TAM Lending Center, Inc. may further, by summary proceedings, initiate an action for possession or otherwise, dispossess any tenants, users or occupiers of the Mortgaged Property then or thereafter in default in the payment of any rent or other charge for the use thereof, and any tenants or other users or occupiers whose leasehold estates or rights to use the Mortgaged Property are subordinate to the lien of this Deed of Trust, whether or not any such tenant, user or occupier is so in default; and Grantor hereby irrevocably appoints TAM Lending Center, Inc. attorney-in-fact of Grantor for all such purposes. If Grantor remains in possession after demand by TAM Lending Center, Inc. for surrender of possession of the Mortgaged Property, such continued possession by Grantor shall be as tenant of TAM Lending Center, Inc., and Grantor agrees to pay monthly in advance to TAM Lending Center, Inc. such rent for the Mortgaged Property so occupied as TAM Lending Center, Inc. may demand, and in default of so doing, Grantor may also be dispossessed by summary proceedings or otherwise. In case of the appointment of a receiver of the rents, the foregoing agreement of Grantor to pay rent shall inure to the benefit of such receiver.

(e)    With or without taking possession of the Mortgaged Property, TAM Lending Center, Inc. may collect and receive all the Income and Rents and, after deducting the cost of all alterations, improvements, repairs, completion, partial completion, operation, sale, rental, leasing commissions and charges, including, but not limited to, reasonable counsel fees, incurred by TAM Lending Center, Inc., apply the net income to the sums secured hereby in such manner as TAM Lending Center, Inc. in its discretion shall determine. TAM Lending Center, Inc. shall be liable to account only for the Income and Rents actually received.

(f)    If TAM Lending Center, Inc. shall so elect, Grantor shall not resist or contest, but shall join in any petition to any court by TAM Lending Center, Inc. for the appointment of a receiver or receivers of the Mortgaged Property or any part thereof, and of all the Income and Rents therefrom, with

-12-

STANDARD DOC SET TEMPLATE – Security Instrument

such powers as the court making such appointment shall confer, and Grantor hereby appoints TAM Lending Center, Inc. attorney-in-fact of Grantor for all such purposes. Furthermore, TAM Lending Center, Inc. in its sole and absolute discretion may apply ex-parte to a court of competent jurisdiction for an order appointing a rent receiver for the Mortgaged Property, without notice and without regard for the adequacy of the security for the Loan and without regard for the solvency of Grantor, any guarantor or indemnitor with respect to the Loan or of any person liable for the payment of the Loan. Grantor consents to the appointment of a receiver in such circumstance and covenants and agrees that neither Grantor nor any guarantor or indemnitor or other person liable for the payment of the Loan will contest, oppose or delay TAM Lending Center, Inc.'s application aforesaid. Legal fees and costs incurred by TAM Lending Center, Inc. incident to such application shall be the responsibility of Grantor.

(g)      All deposits held in connection with the rental, lease, license, or use of space or other facilities on the Mortgaged Property at the time of the occurrence of such Event of Default, all interest of Grantor in all premiums for, or dividends upon, any insurance for the Mortgaged Property, and all refunds or rebates of taxes and assessments upon the Mortgaged Property, are hereby assigned to TAM Lending Center, Inc. as further security for the payment of the Aggregate Debt during the continuance of any such Event of Default.

(h)      To the extent now or hereafter permitted by law and subject to such grace periods and notice requirements thereby imposed, TAM Lending Center, Inc. may cause a judicial sale of the Mortgaged Property in accordance with this subsection (h). Such sale may be made without demand on Grantor at the time and place fixed in the notice of such sale, and such sale may be of the Mortgaged Property as a whole or in separate lots, and in such order as TAM Lending Center, Inc. may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Such sale of the Mortgaged Property may be postponed by public announcement at the time and place of sale and may be further postponed from time to time thereafter by public announcement at the time fixed by the preceding postponement. Any person or entity, including TAM Lending Center, Inc., may purchase at such sale. After deducting all costs, fees, and expenses of TAM Lending Center, Inc., including cost of evidence of title in connection with such sale, the proceeds of sale shall be applied to payment of the Aggregate Debt. The Mortgaged Property may be sold as aforesaid either before, after, or during the pendency of any proceedings for the enforcement of the provisions of this Deed of Trust, and such power and right of sale shall not be affected by any entry hereunder, or by the exercise of any other right, remedy or power with respect to the enforcement of the provisions of any of the Loan Documents or the collection of the amount of the Aggregate Debt. The provisions of this subsection (h) are not intended to and shall not adversely affect TAM Lending Center, Inc.'s rights to conduct a non-judicial sale of such portions of the Mortgaged Property as constitute personal property.

19.    <u>Remedies Cumulative, etc.</u>

(a)      No right or remedy conferred upon or reserved to TAM Lending Center, Inc. under any of the Loan Documents or with respect to any Collateral, or now or hereafter existing at law or in equity or by statute or other legislative enactment, is intended to be exclusive of any other such right or remedy and each and every such right or remedy shall be cumulative and concurrent, and shall be pursued separately, concurrently, successively or otherwise, at the sole discretion of TAM Lending Center, Inc., and shall not be exhausted by any one exercise thereof but may be exercised as often as occasion therefor shall occur. No act of TAM Lending Center, Inc. shall be deemed or construed as an election to proceed under any one such right or remedy to the exclusion of any other such right or remedy; furthermore, each such right or remedy of TAM Lending Center, Inc. shall be separate, distinct and cumulative and none shall be given effect to the exclusion of any other. The failure to exercise or delay in exercising any such right or remedy, or the failure to insist upon strict performance of any term of any of the Loan

-13-

Documents, shall not be construed as a waiver or release of the same, or of any event of default thereunder, or of any obligation or liability of Grantor thereunder.

(b)     The recovery of any judgment by TAM Lending Center, Inc. or the levy of execution under any judgment upon the Mortgaged Property shall not affect in any manner, or to any extent, the lien of this Deed of Trust upon the Mortgaged Property, or any security interest in any other Collateral, or any rights, remedies or powers of TAM Lending Center, Inc. under any of the Loan Documents or with respect to any Collateral, but such lien and such security interest and such rights, remedies and powers of TAM Lending Center, Inc. shall continue unimpaired as before. Further, the entry of any judgment by TAM Lending Center, Inc. shall not affect in any way the interest payable hereunder or under any of the other Loan Documents on any amounts due to TAM Lending Center, Inc., but interest shall continue to accrue on such amounts at the Default Rate (as defined in the Note) after the entry of any judgment and continuing until distribution of the proceeds of any Sheriff's sale.

(c)     Except as otherwise provided in this Deed of Trust or in any of the other Loan Documents, Grantor hereby waives presentment, demand, notice of nonpayment, protest, notice of protest or other notice of dishonor, and any and all other notices in connection with any default in the payment of, or any enforcement of the payment of, the Aggregate Debt.  To the extent permitted by law, Grantor waives the right to any stay of execution and the benefit of all exemption laws now or hereinafter in effect.

(d)     Grantor agrees that TAM Lending Center, Inc. may release, compromise, forbear with respect to, waive, suspend, extend or renew any of the terms of the Loan Documents (and Grantor hereby waives any notice of any of the foregoing), and that the Loan Documents may be amended, supplemented or modified by TAM Lending Center, Inc. and the other signatory parties and that TAM Lending Center, Inc. may resort to any Collateral in such order and manner as it may think fit, or accept the assignment, substitution, exchange or pledge of any other collateral in place of, or release for such consideration, or none, as it may require, all or any portion of any Collateral, without in any way affecting the validity of its lien over or other security interest in the remainder of any such Collateral (or the priority thereof or the position of any subordinate holder of any lien or other security interest with respect thereto); and any action taken by TAM Lending Center, Inc. pursuant to any of the foregoing shall in no way be construed as a waiver or release of any right or remedy of TAM Lending Center, Inc., or of any event of default, or of any liability or obligation of Grantor, under any of the Loan Documents.

(e)     To the extent permitted by law, Grantor shall not at any time insist upon, or plead, or in any manner whatever claim or take any benefit or advantage of any stay or extension or moratorium law, or any exemption from execution or sale of the Mortgaged Property, wherever enacted, now or at any time hereafter in force, which may affect the covenants and terms of performance of this Deed of Trust, nor claim, take, or insist upon any benefit or advantage of any law now or hereafter in force providing for the valuation or appraisal of the Mortgaged Property, prior to any sale of any of Grantor's interest therein; nor, after any such sale or sales, claim or exercise any right under any statute heretofore or hereafter enacted to redeem the Real Property so sold or any part thereof, and Grantor hereby expressly waives all benefit or advantage of any such law or laws, and covenants not to hinder, delay, or impede the execution of any power herein granted to TAM Lending Center, Inc. but to suffer and permit the execution of every power as though no such law or laws had been made or enacted. Grantor further waives and releases all procedural errors, defects and imperfections in any proceeding instituted by TAM Lending Center, Inc. under any of the Loan Documents.

(f)     Grantor, for itself and for all persons hereafter claiming through or under it or who may at any time hereinafter become holders of liens junior to the lien of this Deed of Trust, hereby expressly waives and releases all rights to direct the order in which any of the Mortgaged Property shall



-14-

be sold in the event of any sale or sales pursuant hereto and to have any of the Mortgaged Property and/or any other property now or hereafter constituting security for the Aggregate Debt marshaled upon any foreclosure of this Deed of Trust or of any other security for any of the Aggregate Debt.

        (g)    Grantor agrees that any action or proceeding against it to enforce the Deed of Trust may be commenced in state or federal court in the county where the Mortgaged Property is located, and Grantor waives personal service of process and agrees that a summons and complaint commencing an action or proceeding in any such court shall be properly served and shall confer personal jurisdiction if served by registered or certified mail in accordance with the notice provisions set forth herein.

        20.    <u>Default Rate of Interest</u>. Following the occurrence of any Event of Default and continuing either until such Event of Default is cured and that fact acknowledged by TAM Lending Center, Inc. or until the principal sum then outstanding under the Note and all other sums payable under the Loan Documents are paid in full, the principal sum outstanding under the Note shall bear interest at the Default Rate and shall be secured by this Deed of Trust and all other Collateral.

        21.    <u>Costs and Expenses</u>. Following the occurrence of any Event of Default under any of the Loan Documents, Grantor shall pay upon demand all reasonable costs and expenses, up to the maximum amount allowed by law (including all amounts paid to attorneys, accountants, real estate brokers, appraisers, and other advisors employed by TAM Lending Center, Inc. and to any contractors for labor and materials), incurred by TAM Lending Center, Inc. in the exercise of any of its rights, remedies or powers under any of the Loan Documents, or as a secured or unsecured creditor, as the case may be, of Grantor, any general partner of Grantor, or any Guarantor (as defined in the Loan Agreement) in any state or federal bankruptcy proceedings, or with respect to any Collateral with respect to such event of default, and any amount thereof not paid promptly following demand therefor, together with interest thereon at the Default Rate from the date of such demand, shall become part of the Aggregate Debt and shall be secured by the lien of this Deed of Trust. In connection with and as part of the foregoing, in the event that any of the Loan Documents is placed in the hands of any attorney for the collection of any sum payable thereunder, Grantor agrees to pay reasonable attorneys' fees for the collection of the amount being claimed under such Loan Documents, as well as all costs, disbursements and allowances provided by law, and the payment of such fees and such costs, disbursements, and allowances shall also be secured by the lien of this Deed of Trust. Nothing in this Section 21 shall limit the obligation of Grantor to pay costs and expenses of TAM Lending Center, Inc. for which Grantor is otherwise liable under the Loan Documents.

        22.    <u>Renewals and Extensions</u>. This Deed of Trust shall secure any and all renewals, or extensions of the whole or any part of the indebtedness hereby secured however evidenced, with interest at such lawful rate as may be agreed upon and any such renewals or extensions or any change in the terms or rate of interest shall not impair in any manner the validity of or priority of this Deed of Trust, nor release Grantor from personal liability for the indebtedness hereby secured.

        23.    <u>Severability</u>. In the event that for any reason one or more of the provisions of this Deed of Trust or their application to any person or circumstance shall be held to be invalid, illegal, or unenforceable in any respect or to any extent, such provisions shall nevertheless remain valid, legal and enforceable in all such other respects and to such extent as may be permissible. In addition, any such invalidity, illegality, or unenforceability shall not affect any other provision of this Deed of Trust, but this Deed of Trust shall be construed as if such invalid, illegal or unenforceable provision had never been contained herein.

        24.    <u>Successors and Assigns; Covenant Running with the Land</u>. This Deed of Trust inures to the benefit of TAM Lending Center, Inc. and binds Grantor, and their respective successors and assigns, and the words the Lender and the "Grantor" whenever occurring herein shall be deemed to include such



STANDARD DOC SET TEMPLATE – *Security Instrument*

respective successors and assigns. TAM Lending Center, Inc. may assign or otherwise transfer this Deed of Trust and any or all of the Loan Documents to any other person, and such other person shall thereupon become vested with all of the benefits in respect thereof granted to TAM Lending Center, Inc. herein or otherwise. Any act or agreement to be done or performed by Grantor herein shall be construed as a covenant running with the land and shall be binding upon Grantor and its successors and assigns.

     25.    <u>Notices</u>. Any notice, demand, or request hereunder shall be in writing and shall be deemed to have been sufficiently given for all purposes when personally presented, or sent by any nationally recognized overnight courier to such party at its address set forth below or sent by certified or registered mail, return receipt requested, to such party at its address set forth below:

| | |
|---|---|
| To Grantor: | **Fraleg Jefferson Corp.** |
| | **198 Saint James Place** |
| | **Brooklyn, NY 11238** |
| | **Andy Alege** |
| | |
| with a copy to: | NONE |
| | |
| To TAM Lending Center, Inc.: | TAM Lending Center, Inc. |
| | 1814 Route 70 W Suite 200 Cherry Hill, NJ 08003 |
| | Attention: Philip Valianti |
| | Phone: 856-795-5900 |
| | Email: philvalianti@tamlending.com |
| | |
| with a copy to: | NONE |
| | |
| and a copy to: | NONE |

     Such notice shall be deemed to be given when received if delivered personally, on the next business day if sent by an overnight commercial courier or two days after the date mailed if sent by certified or registered mail. Any notice of any change in such address shall also be given in the manner set forth above. Whenever the giving of notice is required, the giving of such notice may be waived in writing by the party entitled to receive such notice.

     26.    <u>Definitions; Number and Gender</u>. In the event Grantor consists of more than one person or entity, the obligations and liabilities hereunder of each of such persons and entities shall be joint and several and the word the "Grantor" shall mean all or some or any of them. For purposes of this Deed of Trust and Security Agreement, the singular shall be deemed to include the plural and the neuter shall be deemed to include the masculine and feminine, as the context may require. The words "Loan Agreement", "Deed of Trust ", "Note", and "Loan Document" shall include any supplements to or any amendments of or restatements of the Loan Agreement, this Deed of Trust, the Note, and any of the other Loan Documents. The words "Real Property", "Mortgaged Property", "Improvements", "Appurtenances", "Equipment", "Building Equipment", "Intangibles", "Awards", "Insurance Policies", "Leases and Agreements", "Income and Rents", "Accounts Receivable", "Securities", "Deposits", "Plans" and "Proceeds" shall include any portion of and additions to the Real Property, the Mortgaged Property, the Improvements, the Appurtenances, the Equipment, the Building Equipment, the Intangibles, the Awards, the Insurance Policies, the Leases and Agreements, the Income and Rents, the Accounts Receivable, the Securities, the Deposits, the Plans and the Proceeds, respectively.



-16-

27. <u>Incorporation by Reference</u>. All of the terms and provisions of the Note and the Loan Agreement are hereby incorporated herein by reference.

28. <u>Captions</u>. The captions or headings of the sections and paragraphs of this Deed of Trust are for convenience only and shall not control or affect the meaning or construction of any of the terms or provisions of this Deed of Trust.

29. <u>Governing Law</u>. This Deed of Trust shall be governed by and construed in accordance with the laws of the State where the Real Property is located.

30. <u>**JURY TRIAL WAIVER.**</u> **GRANTOR AND TAM LENDING CENTER, INC. HEREBY WAIVE ANY AND ALL RIGHTS THAT THEY MAY HAVE NOW OR HEREAFTER HAVE UNDER THE LAWS OF THE UNITED STATES OF AMERICA OR ANY STATE TO A TRIAL BY JURY OF ANY AND ALL ISSUES ARISING EITHER DIRECTLY OR INDIRECTLY IN ANY ACTION OR PROCEEDING BETWEEN GRANTOR AND TAM LENDING CENTER, INC. OR THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, OUT OF OR IN ANY WAY CONNECTED WITH THIS DEED OF TRUST. IT IS INTENDED THAT THIS WAIVER OF JURY TRIAL SHALL APPLY TO ANY AND ALL CLAIMS, DEFENSES, RIGHTS, AND/OR COUNTERCLAIMS IN ANY ACTION OR PROCEEDING.**

31. <u>Counterparts</u>. To facilitate execution, this Deed of Trust may be executed in as many counterparts as may be convenient or required. It shall not be necessary that the signatures of, or on behalf of, each party, or that the signature of all persons required to bind any party, appear on each counterpart. All counterparts shall collectively constitute a single instrument. It shall not be necessary in making proof of this Deed of Trust to produce or account for more than a single counterpart containing the respective signatures of, or on behalf of, each of the parties hereto. Any signature page to any counterpart may be detached from such counterpart without impairing the legal effect of the signatures thereon and thereafter attached to another counterpart identical thereto except having attached to it additional signature pages.

32. <u>Substitute Trustee</u>. In accordance with applicable law, TAM Lending Center, Inc., at TAM Lending Center, Inc.'s option, may from time to time, by a written instrument, appoint a successor trustee, which instrument, when executed and acknowledged by TAM Lending Center, Inc. and recorded in the office of the recorder of the county or counties where the Mortgaged Property is situated, shall be conclusive proof of proper substitution of the successor trustee. The successor trustee shall, without conveyance of the Mortgaged Property, succeed to all the title, power and duties conferred upon the Trustee in this Deed of Trust and by the laws of the State where the Real Property is located.

33. <u>**State-Specific Provisions.**</u>

[SIGNATURES TO FOLLOW ON NEXT PAGE]



IN WITNESS WHEREOF, Grantor has executed this Deed of Trust the day and year first above written to be effective as of the effective date above written.

Fraleg Jefferson Corp,, a NY Corporation

By: _Andy Alege_____

Name: Andy Alege

Its: ~~Member~~ _president_

State of _NY_____

County of _Nassau_____

On this, the _____ day of _Dec._, 20 _18_ before me, the undersigned officer, personally appeared

_Andy Alege____, who acknowledged himself to be the Sole ~~Member~~ of _Stockholder + president._

_Fraleg Jefferson Corp_____ a Limited Liability Company, and that he, as

such ~~Sole Member~~ _president_, being authorized to do so,

executed the foregoing instrument for the purpose therein contained by signing the name of the

Limited Liability Company by himself / herself as Sole Member.

In witness whereof, I hereby set my hand and official seals,

_____

Notary Public

_____

Expiration date of notary

MICHAEL L. WEINREB

Notary Public, State of New York

No. 01WE6210421

Qualified in Nassau County

Commission Expires 9/14/2021

STANDARD DOC SET TEMPLATE- Security Instrument

## EXHIBIT A

### LEGAL DESCRIPTION OF THE REAL PROPERTY

PLEASE SEE ATTACHED LEGAL DESCRIPTION

### SCHEDULE OF REAL PROPERTY

**15 Jefferson Avenue**

**Brooklyn, NY 11238**

STANDARD DOC SET TEMPLATE – Security Instrument

**Omni Title Agency**
**Agent for Commonwealth Land Title Insurance Company**

TITLE NO. 

### SCHEDULE A

**ALL** that certain plot, piece or parcel of land, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

**BEGINNING** at a point on the northerly side of Jefferson Avenue, distant 143.00 feet easterly from the northeasterly corner of Jefferson Avenue and Ormond Place, a/k/a Claver Place;

**RUNNING THENCE** northerly part of the distance through a party wall, 100.00 feet;

**THENCE** easterly parallel with Jefferson Avenue, 21.00 feet;

**THENCE** southerly part of the distance through a party wall, 100.00 feet to the northerly side of Jefferson Avenue;

**THENCE** westerly along the northerly side of Jefferson Avenue, 21.00 feet to the point or place of **BEGINNING**.


**FOR INFORMATION ONLY:**

Block 1995 Lot 34