| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>_____X | Return Date: May 18, 2024<br>Time: 10:00 AM |
| In re:<br><br>FRALEG JEFFERSON CORP,<br>dba Fraleg Quincy Corp<br>dba 931 Lincoln Place Corp<br><br>                                  Debtor.<br>_____X | **Chapter 11**<br><br><br><br>**Case No.: 24-41125-ESS**<br><br>**NOTICE OF MOTION** |

SIRS / MADAMS:

**PLEASE TAKE NOTICE**, that FRANCIS E. HEMMINGS, attorney for the above captioned Debtor, will move before the Honorable Elizabeth S. Strong, United States Bankruptcy Judge on the *18th* day of May, 2024 at 10:00 AM, at the United States Bankruptcy Court located at 271 Cadman Plaza East- Courtroom 3529, Brooklyn, New York 11201, for an Order reversing and reinstating chapter 11 bankruptcy case, reversing and reinstating the automatic stay, and for such further relief as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE**, that answering papers, if any, shall be filed with the Court and served upon the undersigned no later than three (3) days prior to the return date of this motion.

Dated: Laurelton, New York
          April 25, 2024

                              **LAW OFFICES OF FRANCIS E. HEMMINGS PLLC**
                              *Attorney for the Debtor*


                              By:   */s/ Francis E. Hemmings*
                                      Francis E. Hemmings, Esq.
                                      228-18 Mentone Avenue
                                      Laurelton, New York 11413
                                      Tel.: (212) 747-9560


To:   *Office of the United States Trustee*
        *FRALEG JEFFERSON CORP., Debtor*
        *Friedman Vartolo LLP*
        *Wilmington Savings Fund Society, FSB*
        *All other interested parties and creditors*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
_____X
In re:

                                              Chapter 11

FRALEG JEFFERSON CORP,
dba Fraleg Quincy Corp,                      Case No.: 24-41125-ESS
dba 931 Lincoln Place Corp

                                              **Hon. Elizabeth S. Strong**
                            Debtor.          **United States Bankruptcy Judge**
_____X

## MOTION TO REINSTATE DEBTOR'S DISMISSED CHAPTER 11 BANKRUPTCY CASE AND TO REVERSE ORDER LIFTING THE AUTOMATIC STAY

Francis E. Hemmings, Esq., attorney for the Debtor, FRALEG JEFFERSON CORP., respectfully submit this motion to reinstate the above captioned chapter 11 bankruptcy case and to reverse and order lifting the automatic stay, and reinstate the automatic stay :

## BACKGROUND

1. On March 14, 2024, Debtor, Fraleg Jefferson Corp., filed this pro se chapter 11 petition.

2. Debtor, is a New York corporation who at the time of the filing of this case had offices at 300 Herkimer, Brooklyn, NY.

3. In addition to filing pro se, the Debtors filing was deficient, with several documents due by 3/28/24 in order to cure the deficiency.

4. A meeting of creditors was scheduled for 4/15/24, and an initial case management conference before Judge Elizabeth S. Strong was scheduled for 5/6/24. The initial case management conference was rescheduled to 5/03/24.

5. On 3/20/24, a motion to lift stay was filed by secured creditor, Wilmington Savings Fund Society, FSB, and a hearing scheduled for 4/11/24.

6.	On 4/11/24, a hearing was held before Judge Strong. The Debtor, failing to obtain counsel did not appear. The case was subsequently dismissed for the failure secure counsel.

7.	On 4/15/24, this firm was retained to represent Debtor

8.	On Monday 4/15/24, Debtor appeared for the scheduled meeting of creditors with United States Trustee's office, Mr. Khodorovsky. Mr. Khodorovsky, did not conduct the hearing as he stated the case was dismissed.

9.	I hereby make this motion to reinstate the case to the court's calendar and to reinstate the automatic stay for the following reason:

10.	Debtor filed pro se as at the time of filing it did not have an attorney. The Debtor did not appear at previously scheduled hearings as it did not secure representation on the date of the hearings. The Debtor has since secured the services of Francis E. Hemmings, Esq., who has represented the debtor in the past and is familiar with the matter. Mr. Hemmings in short order will cure any filing deficiencies of the Debtor, and attend all future hearings on behalf of the Debtor

11.	Reversing a dismissal order and reinstating the case will provide the Debtor with the opportunity to engage in the bankruptcy process with the benefit of counsel and without the wasting of this courts time.

12.	Reversing an order and reinstating the automatic stay will allow the Debtor to preserve its assets and pursue the normal bankruptcy course of action without unduly harming the secured creditor.

13.	To obtain relief from the automatic stay, a creditor must show the court that its interest in the debtor's property is sufficiently clear and in need of protection to justify the property from the normal course of bankruptcy proceedings. *See Eastern Refractories Co., Inc. Vs. Forty eight Insulations, Inc., 157 F.3d 169 (2nd Cir. 1998)*.

13. The assets owned by the Debtor are real property. The assets are insured, and the Debtor will make adequate protection payments to the secured creditors as required and the Debtor has no intention of laying waste to the premises. As such the secured creditors will not be unduly harmed..

14. The automatic stay provision is designed to forfend against the disorderly piecemeal dismemberment of the debtors estate outside of the bankruptcy proceeding. Granting a request to lift the automatic stay by the secured creditors is solely for the purpose of pursuing a sale of the assets at a foreclosure auction, including a sale scheduled for 4/25/24, effectively dismembering the debtor's estate piecemeal. Debtor hereby request that all sales of the debtor's estate which may have been sold prior to a granting of this motion be set aside.

15. The Debtor's intention, if the its request to reinstate the case and the automatic stay are granted, is to refinance the properties and repay the secured creditors in full. The Debtor is advanced in this process and has already received a letter of intent to refinance one of its properties. *(See Letter of Intent from Dynamic Innovations, LLC covering the refinancing of 15 Jefferson Avenue, Brooklyn, NY 11226, attached hereto and labeled "Exhibit 1").*

16. Furthermore if the case is reinstated, Debtor and its attorney will respect the bankruptcy process going forward. Debtor will timely file monthly operating reports, and pay its quarterly trustee fees, and make timely adequate protection payments to the secured creditors.

17. Upon obtaining financing, debtor will make full payment to the secured creditors making them whole.

18. No other motion in regard to this matter has been previously made by the Debtor to this Court.

**WHEREFORE**, the Debtor respectfully request that this Court grant the Debtor' present motion seeking to:

(i)  Reinstate this chapter 11 bankruptcy case;

(ii)  Reverse an order lifting the automatic stay;

(iii)  Set aside any sale of the Debtors assets; and

(iv)  Such further relief as this Court deems just and proper.

Dated: April 25, 2024
       Laurelton, New York                         _/s/ Francis E. Hemmings_
                                                          Francis E. Hemmings, Esq.
                                                          Law Offices of Francis E. Hemmings PLLC
                                                          *Counsel for Debtor*
                                                          228-18 Mentone Avenue
                                                          Laurelton, New York 11413
                                                          (212) 747-9560