UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X

| | |
|---|---|
| IN RE: | : CASE NO.: 1-24-41125-ess |
| | : |
| | : CHAPTER: 11 |
| Fraleg Jefferson Corp dba Fraleg Quincy Corp | : |
| dba 931 Lincoln Place Corp, | : HON. JUDGE: |
| | : Elizabeth S. Stong |
| | : |
| Debtor. | : HEARING DATE: May 31, 2024 |
| | : at 10:30 am |
| | : |

---------------------------------------------------------------------X

## NOTICE OF MOTION FOR IN REM RELIEF FROM AUTOMATIC STAY

**PLEASE TAKE NOTICE,** that upon the application of Lima One Capital as servicer for Wilmington Trust, N.A., not in its individual capacity, but solely as trustee of MFRA Trust 2016-1 (together with any successor or assign, "Movant"), the undersigned shall move this Court for an Order, pursuant to 11 U.S.C. § 362(d)(4), for in rem relief from the automatic stay with respect to the real property 173 Quincy Street, Brooklyn, NY 11216; pursuant to 11 U.S.C. § 362 (d)(1) and (d)(2); vacating the automatic stay to permit Movant, its successors and/or assigns, to enforce its mortgage on the Debtor`s premises; granting Movant reasonable attorney fees and costs; and granting Movant such other and further relief as is just and proper.

This motion shall be heard at the United States Bankruptcy Court, Eastern District of New York, Conrad B. Duberstein Courthouse, 271-C Cadman Plaza East - Suite 1595, Courtroom 3585, Brooklyn, NY 11201 on the 31st day of May, 2024 at 10:30 A.M., or as soon thereafter as counsel may be heard.

All hearings before Judge Stong will be conducted by telephone, video or in person, as the Court deems appropriate. For remote hearings, whether telephonic or video, it is not necessary to contact the Courtroom Deputy to request prior authorization to appear remotely.

Whether the hearing is in person or remote, please use eCourt Appearances to register to appear at a hearing. To register, please provide your name, address, e-mail address, telephone number on the hearing date, and the party that you represent, if applicable. Please be sure to register at least two business days before your hearing. For remote hearings, you will receive instructions on how to access the hearing via e-mail two business days before the hearing. On your hearing date, please connect at least ten minutes before your scheduled hearing time and keep your audio and video on mute until your case is called. April 29, 2024

If you have a CM/ECF account, you may access eCourt Appearances in the "Utilities" menu after logging into CM/ECF. Alternatively, you may access eCourt Appearances on the Court's website at https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl. In the event that you are not able to register online, you may call or email Judge Stong's courtroom deputy for instructions at (347) 394-1864, ess_hearings@nyeb.uscourts.gov, at least two (2) business days prior to the hearing date.

Additional information about eCourt Appearances, including a tutorial on how to use the program, is available at https://www.nyeb.uscourts.gov/registering-remote-hearing-appearance-using-ecourt-appearances. For more information, please see https://www.nyeb.uscourts.gov/content/judge-elizabeth-s-stong.

**PLEASE TAKE FURTHER NOTICE**, that answering affidavits, if any, must be served so as to be received not later than seven (7) days before the return date of this motion.

Dated: Garden City, New York
      May 3, 2024                             By: /s/ _Michael L. Carey
                                                    Michael L. Carey, Esq.
                                                    FRIEDMAN VARTOLO LLP
                                                    Attorneys for Movant
                                                    1325 Franklin Avenue, Suite 160
                                                    Garden City, NY 11530
                                                    T: (212) 471-5100
                                                    F: (212) 471-5150

TO:

Fraleg Jefferson Corp dba Fraleg Quincy Corp
dba 931 Lincoln Place Corp
45 Main Street, Suite 518
Brooklyn, NY 11201
**Bankruptcy Debtor**

Francis E. Hemmings
Hemmings & Snell LLP, 30 Wall Street , 8th Floor
New York, NY 10005
**Debtor's Attorney**

United States Trustee
One Bowling Green, Room 510
Alexander Hamilton Custom House
New York, NY 10004
**United States Trustee**

Andy Alege
300 Herkimer Street, Floor 1
Brooklyn, NY 11216

Andy Alege
173 Quincy Street
Brooklyn, NY 11216

IRP Fund II Trust 2A
1155 F Street NW
Suite 1705
Washington, DC 20004

CDC Small Business Finance
2448 Historic Decatur Road, Suite 200
San Diego, CA 92106

PINCUS LAW GROUP, PLLC
Sherri J. Smith, Esquire
425 RXR Plaza
Uniondale, New York 11556

Commonwealth Capital
99 Washington Avenue
Albany , NY 12231

Michele Fletcher
600 National Harbor Blvd
Oxon Hill, MD 20745

New York City Department of Finance
100 Church Street, 1st Floor
New York, NY 10007

New York State Department of Taxation and Finance
W.A. Harriman Campus, Building 9
Albany, NY 12227

New York Environmental Control Board
100 Church Street
New York, NY 10007

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
:
    IN RE: : CASE NO.: 1-24-41125-ess
:
: CHAPTER: 11
Fraleg Jefferson Corp dba Fraleg Quincy Corp :
dba 931 Lincoln Place Corp, : HON. JUDGE:
: Elizabeth S. Stong
:
Debtor. : HEARING DATE: May 31, 2024
: at 10:30 am
:

---------------------------------------------------------------------X

# MOTION FOR IN REM RELIEF FROM THE
# AUTOMATIC STAY REGARDING REAL PROPERTY

    I, Michael L. Carey, Esq., an attorney at law admitted to practice before the Courts of the State of New York and the U.S. Bankruptcy Court for the Eastern District of New York, hereby certify the following to be true and correct under penalty of perjury:

    Lima One Capital as servicer for Wilmington Trust, N.A., not in its individual capacity, but solely as trustee of MFRA Trust 2016-1 (together with any successor or assign, "Movant") hereby moves this Court for an Order: pursuant to 11 U.S.C. § 362(d)(4), for in rem relief from the automatic stay with respect to the real property 173 Quincy Street, Brooklyn, NY 11216; pursuant to 11 U.S.C. § 362 (d)(1) and (d)(2); vacating the automatic stay to permit Movant, its successors and/or assigns, to enforce its mortgage on the Debtor`s premises; granting Movant reasonable attorney fees and costs;

and granting Movant such other and further relief as is just and proper. In support of this Motion, Movant respectfully states:

## BACKGROUND

1. Movant is a secured creditor of the Debtor pursuant to a Note executed by Fraleg Quincy Corp. (the "Debtor") on August 29, 2019, whereby the Debtor promised to repay $1,650,000.00 plus interest to Tam Lending Center, Inc. (the "Note"). To secure the repayment of the Note, Fraleg Quincy Corp. executed a Mortgage (the "Mortgage," Note and Mortgage, collectively, the "Loan") in favor of TAM Lending Center, Inc., which was recorded on September 4, 2019, in the Kings County Clerk's Office as CRFN No. 2019000283805 (the "Mortgage") encumbering the Property. The Loan was ultimately assigned to Movant by an assignment of mortgage recorded on May 8, 2020 (the "Assignment of Mortgage"). Copies of the Note, Mortgage and Assignments of Mortgage are attached hereto as **Exhibit A**.

2. As the Debtor became delinquent under the terms of the Loan, a foreclosure action was commenced in the Supreme Court of the State of New York, County of Kings under index number 513873/2021. Subsequently, a Judgment of Foreclosure and Sale (the "JFS") was entered on November 01, 2022. A copy of the entered JFS is annexed hereto as **Exhibit B.**

3. For the convenience of the Court and all parties, below is a chart listing the multiple bankruptcy filings affecting the Property:

| Debtor Name | Case Number | Foreclosure Status | Date Bankruptcy Filed | Case Dismissal Date and Reason | Date of Canceled Foreclosure Sale, if applicable |
|---|---|---|---|---|---|
| 931 Lincoln Place Corp dba Fraleg Quincy Corp | 1-23-42033-ess | Stayed sale scheduled for 06/08/2023 | 06/08/2023 | 08/07/2023, Failure to be represented by counsel | 06/08/2023 |
| Fraleg Quincy Corp | 1-23-44383-ess | Stayed sale scheduled for 11/30/2023 | 11/30/2023 | 01/25/2024, Failure to be represented by counsel | 11/30/2023 |
| Fraleg Jefferson Corp dba Fraleg Quincy Corp dba 931 Lincoln Place Corp | 1-24-41125-ess | Stayed sale scheduled for 03/14/2024 | 03/14/2024 | Active filing | 03/14/2024 |

4. As the above chart shows, three (3) of scheduled foreclosure sales have been cancelled due to the three (3) of filings.

5. As indicated, the Debtor had a total of three (3) cases pending before the Court since 2023. Both prior cases were filed on the day of the scheduled sale and both filings were dismissed for failure to have representation by counsel.

6. There have been a total of three (3) recent bankruptcies filed by this Debtor and the Borrower, and Movant's scheduled foreclosure sales have been repeatedly cancelled due to these last-minute filings. These repeat filings by the same parties, when coupled with the repeating dismissals, give rise to the inference that the repeat filings are a scheme to hinder, delay, or defraud Movant in exercising its state law rights. Accordingly, Movant now seeks an Order pursuant to 11 U.S.C. § 362(d)(4), vacating the automatic stay and granting in rem relief from stay with respect to the property. Copies of the PACER dockets are annexed hereto as **Exhibit C**.

7. Copies of the Notices of Sale for the aforementioned, scheduled foreclosure sales are annexed hereto as **Exhibit D**.

8.     Pursuant to 11 U.S.C. § 362(d)(4), courts are empowered to grant in rem relief from a stay affecting a creditor's property, such that any and all future filings by any party with a claimed interest in the property will not operate as an automatic stay for a period of two years. *See, e.g., In re Wilke*, 429 B.R. 916, 922 (Bankr. N.D. Ill. 2010); *In re Blair*, 2009 WL 5203738, *4 (Bankr. E.D.N.Y. 2009); *In re Montalvo*, 416 B.R. 381, 387 (Bankr. E.D.N.Y. 2009).

9.     Because the stay attaches to the property, rather than to the filing parties, "in rem relief is a particularly effective method to combat tag-team serial filers who seek to prevent foreclosures." *In re Selinsky*, 365 B.R. 260, 264 (Bankr. S.D.Fla. 2007); *see In re Roeben*, 294 B.R. 840, 846 (Bankr. E.D.Ark. 2003); *In re Graham*, 1998 WL 473051, *2 (Bankr. E.D.Penn. 1998).

10.    To obtain in rem relief, a creditor must provide evidence that: (i) a debtor or a group of debtors has made prior bankruptcy filings as part of a scheme; (ii) the object of which was to delay, hinder, or defraud creditors; and (iii) which involves either the transfer of some interest in the real property without the secured creditor's consent or court approval or multiple bankruptcy filings affecting the property. *See In re First Yorkshire Holdings, Inc.*, 470 B.R. 864, 870-71 (7th Cir. BAP 2012). Further, it is well-settled that the mere timing and filing of multiple prior bankruptcy cases by related debtors permits the inference of a scheme to hinder, delay, and defraud a creditor. *See, e.g., Blair*, 2009 WL 5203738 at *4, *citing Montalvo*, 416 B.R. at 38.

11.    Analyzing a similar set of circumstances, the Court in *Blair* (*id*. at *4-5) granted in rem relief and found that:

> Here, Debtors have neither filed nor confirmed a chapter 13 plan. None of their chapter 13 cases were prosecuted to any meaningful extent. The timing and sequence of the filings is also significant. Each was filed on the eve of or shortly before significant events affecting the Property. The uncontroverted record of the filings and lack of any good faith prosecution of each of Debtors' prior cases allows this Court to draw a permissible

> inference and find that the instant petitions were part of a scheme of Debtor to hinder, delay, and defraud [creditor] BAC.
>
> Therefore, this Court will enter an Order such that any future bankruptcy filings by either of the Debtors, or any other person having an interest in the Property, will not operate as a stay of any action against the Property for a period of two years after the date of the entry of the orders hereon.

12. Furthermore, the Court may draw an inference of foreclosure delay from timing and existence of multiple filings alone, without analyzing the debtors' conduct during the cases. The "conduct of the debtor while in bankruptcy is less relevant than the actual timing and existence of multiple filings. The existence of multiple filings on the eve of foreclosure alone…is sufficient to establish a presumption of a scheme to hinder or delay the creditor, subject to the debtor`s right to challenge this presumption." *In re Merlo*, 646 B.R. 389, 395 (Bankr. E.D.N.Y. 2022).

13. In this case, the frequent and largely unprosecuted filings demonstrate a clear pattern of delay designed to frustrate resolution of the underlying foreclosure. The instant petition is nothing more than a stall tactic to delay, hinder, and frustrate Movant in exercising its foreclosure rights.

14. Additionally, the account remains due for the total payoff of $2,878,265.49 as of March 31, 2023 as the loan matured on September 1, 2020. Therefore, relief from stay is also warranted for cause pursuant to 11 U.S.C. § 362(d)(1). A copy of the EDNY worksheet is attached as **Exhibit E**.

15. Pursuant to 11 U.S.C. § 362(d)(1), the court shall enter an order granting a secured creditor relief from the automatic stay for cause "including the lack of adequate protection of an interest in property of such party and interest."

16. Specifically, courts have found cause for the granting of relief from an automatic

stay where the debtor has failed to make post-petition mortgage payments as they become due. *In Re Taylor*, 151 B.R. 646, 648 (Bankr. E.D.N.Y. 1993).

17.     Relief pursuant to 11 U.S.C. § 362(d)(2) is also appropriate due to the lack of equity in the Property. According to the Broker's Price Opinion obtained by the Movant dated May 15, 2023, the Property has an estimated value of $2,235,000.00. Accordingly, there is no equity remaining in the Property. A copy of the Broker's Price Opinion is annexed hereto as **Exhibit F**.

18.     Fed. R. Bank. Pro. 4001(a)(3) provides that "any order granting movant relief from an automatic stay is stayed until the expiration of 14 days after the entry of the order unless the court orders otherwise.

19.     In light of the history of filings and the negative impact on Movant's lawful right to sell the Mortgaged Premises pursuant to the Final Judgment (*see* Exhibit B), no legitimate purpose could be served by staying the requested relief any longer. The debtor clearly has no intention of participating in the bankruptcy process and therefore should not reap its benefits. Therefore, Movant is entitled to a waiver of the stay provision of Fed. R. Bankr. Pro. 4001(a)(3).

20.     Movant respectfully requests $1,050.00 in reasonable attorney fees and $199.00 in filing costs associated with the preparation and filing of this Motion.

**WHEREFORE**, it is respectfully submitted that this Court should grant Movant's Motion for Relief in all respects, along with such other and further relief as is deemed to be just, proper, and equitable.

Dated: Garden City, New York
     May 3, 2024                      By: /s/ Michael L. Carey
                                             Michael L. Carey, Esq.
                                             FRIEDMAN VARTOLO LLP
                                             Attorneys for Movant
                                             1325 Franklin Avenue, Suite 160
                                             Garden City, NY 11530
                                             T: (212) 471-5100
                                             F: (212) 471-5150