| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------X<br>IN RE:<br><br>Fraleg Jefferson Corp dba Fraleg Quincy Corp<br>dba 931 Lincoln Place Corp<br>                                   Debtor<br>-------------------------------------------------------------X | Hearing Date and Time:<br> 5/31/2024 at 10:30 am<br><br>Chapter 11<br>Case No.: 1-24-41125-ess |

## AMENDED RESPONSE AND OPPOSITION TO DEBTOR'S MOTION TO REINSTATE THE CASE AND AUTOMATIC STAY

I, Sherri J. Smith, Esquire do hereby certify that I am an attorney at law in the State of New York for the Law Firm of Pincus Law Group, PLLC, and our firm represents for Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust VIII-B ("Respondent") secured creditor and mortgage lien holder on the premises owned by Debtor and located at **15 Jefferson Avenue, Brooklyn, NY 11238**. On behalf of Respondent Pincus Law Group, PLLC, hereby responds to the Motion to Reinstate as follows:

1. On March 14, 2024 the Debtor filed the instant Chapter 11 Bankruptcy case originally *pro se* but has since retained counsel.

2. On March 20, 2024, the Respondent filed a Motion for In Rem Relief from the automatic stay pursuant to 11 U.S.C. §362(d)(4)(B) with respect to the real property located at 15 Jefferson Ave., Brooklyn, NY 11238 (the "Property"), which the Court granted by Order entered on April 25, 2024.

3. The basis for the In Relief Motion was due to the Debtor's multiple bankruptcy filings affecting the Property as well as a lack of adequate protection to Respondent.

4. Specifically, Debtor filed the below bankruptcy cases which stayed three (3) foreclosure sales as follows:

    a. 12/8/22- Chapter 11 Bankruptcy No. 22-43064 was dismissed on 10/13/23. Relief from stay granted as to the property to Respondent's predecessor in interest. This bankruptcy stayed a foreclosure sale scheduled for 12/8/22;

    b. 10/9/23- Chapter 11 Bankruptcy No. 23-43087 was dismissed 11//7/23 for failure to be represented by counsel. This bankruptcy stayed the foreclosure sale scheduled for 10/19/23.

    c. 3/14/24- the current Chapter 11 Bankruptcy was filed which stayed a foreclosure sale scheduled for 3/14/24.

5. Additionally, Debtor's schedule "D" valued the Property at $2,350,000.00 and the amount due as of the petition date was $5,544,080.90 (as per the filed Motion for Relief) which shows a lack of adequate protection and no equity in the Property.

6. On April 25, 2024, Debtor filed a Motion to Reinstate the bankruptcy as well as the automatic stay as to Respondent. This Motion was refiled on 5/2/24.

7. The Debtor claims that reinstating the case and the automatic stay will allow the Debtor to preserve its assets, including the Property.

8. Specifically, Debtor claims that it intends to refinance the Property and repay the secured creditors in-full and has attached a Letter of Intent from Dynamic Innovations to cover the refinancing of the Property.

9. However, this letter falls short of "covering" the amounts due to the Respondent as it states the loan amount to be $2,200,000.00 when the amounts due to Respondent are more than double that amount as stated herein above.

10. Debtor's Motion fails to address the balance of funds due to Respondent.

11. Based upon the letter of intent and the fact that offers a loan amount for less than half of what is due Respondent, it is obvious that the Debtor's Motion to Reinstate was not filed in good faith and is another stall tactic to prevent Respondent from proceeding with a foreclosure.

12. Accordingly, Debtor has not met its burden to vacate the Order granting In Rem Relief from the Stay entered on 4/25/24.

13. Based upon the above, the Debtor's Motion to Reinstate should be denied, and the Respondent's Relief Order should remain in full force and affect.

WHEREFORE, Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust VIII-B  respectfully requests that the Motion to Reinstate change be denied, and that  Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust VIII-B's  Mortgage Payment Change be allowed.

Dated: 5/9/2024

Respectfully submitted,

**PINCUS LAW GROUP, PLLC**

By: /s/ Sherri J. Smith
Sherri J. Smith
Pincus Law Group, PLLC
425 RXR Plaza
Uniondale, NY 11556
(516) 699-8902
ssmith@pincuslaw.com