**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X
:
    IN RE:                                                  :   CASE NO.: 24-41125-ess
:
:   CHAPTER: 11
Fraleg Jefferson Corp dba Fraleg Quincy Corp   :
dba 931 Lincoln Place Corp,                   :
:
:
:
                               Debtor.    :
:
:
:
------------------------------------------------------------------X

**LIMITED OPPOSITION TO MOTION TO REINSTATE DEBTOR'S DISMISSED CHAPTER 11 BANKRUPTCY CASE AND REVERSE ORDER LIFTING THE AUTOMATIC STAY**

      Lima One Capital, in its capacity as servicer for Wilmington Trust, N.A., Not in its Individual Capacity, but Solely as Trustee of MFRA Trust 2016-1 ("Secured Creditor"), by its undersigned counsel, Friedman Vartolo, LLP, respectfully submits this limited opposition (the "Opposition") to Fraleg Jefferson Corp, dba Fraleg Quincy Corp dba 931 Lincoln Place Corp (the "Debtor") motion, dated April 25, 2024 (and subsequently amended on May 7, 2024) (the "Motion"), which seeks to reinstate the automatic stay. In support of this Opposition, Secured Creditor respectfully states as follows:

**PRELIMINARY STATEMENT**

      Secured Creditor is compelled to file this Opposition to ensure that the Court retains jurisdiction and keeps this case open so that the Court may hear Secured Creditor's *Motion for In Rem Relief* filed on May 3, 2024 ["In Rem Stay Motion", dkt. no. 23], which was served on the Debtor and its proposed counsel. Despite the fact that this (third) corporate bankruptcy filing (within the past year) with respect to the Property was filed without counsel, no dismissal order has been entered yet, and this Court should retain jurisdiction so that this Court can hear the In Rem Stay Motion pursuant to 11 U.S.C. §§ 105(a) and

1

349(b)(3) which provides that the bankruptcy court may retain jurisdiction over estate actions post-dismissal. Secured Creditor further highlights that Debtor's Motion does not appear to address the real property located at 173 Quincy Street, Brooklyn, New York ("Property"), which is the subject of the In Rem Stay Motion, and instead the Debtor only addresses another property – 15 Jefferson Ave., Brooklyn, New York ("15 Jefferson Property"). While the Secured Creditor reserves its right to further comment on the Motion, it does not appear that the Debtor has appropriate financing to address the 15 Jefferson Property, nor have any other basic debtor obligations been complied with – such as Chapter 11 Monthly Operating Reports – have been filed to date.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2. On March 14, 2024 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "Bankruptcy Code") with the United States Bankruptcy Court for the Southern District of New York (the "Court").

3. Prior to the Petition Date, the Debtor promised to repay $1,650,000.00 plus interest to Team Lending Center Inc, pursuant to a Promissory Note (the "Note"). To secure the repayment of the Note, the Debtor executed a Mortgage in favor of Team Lending Center Inc, which was recorded on September 4, 2019 in the Kings County Clerk's Office as CRFN No. 2019000283805 (the "Mortgage") encumbering real property located at 173 Quincy Street, Brooklyn, NY 11216, Kings (the "Property"). Copies of the Note and Mortgage are attached to the In Rem Stay Motion as Exhibit A.

4. Prior to the Petition Date, the Debtor failed to make the monthly mortgage payments.

pursuant to the loan documents, and a foreclosure action was commenced in the Supreme Court of the State of New York, County of Kings, under index number 513873/2021. Subsequently, a Judgment of Foreclosure and Sale ("JFS") was entered on November 1, 2022, A copy of the JFS is are attached to the In Rem Stay Motion as Exhibit B.

5. On May 3, 2024, Secured Creditor filed its In Rem Stay Motion which outlined the three (3) bankruptcy filings with respect to the Property, all of which were strategically timed to frustrate the Secured Creditor's rights with respect to the Property and the purpose of the bad faith filing was to stay a foreclosure sale (which was scheduled the same day as the filing).[1]

6. Noticeably, in each of the prior filings, the Debtor was not represented by counsel and Secured Creditor notes that that Motion sets forth that the attorney has represented the Debtor in the past and is familiar with this matter.

## LIMITED OPPOSITION

7. As set forth above, the Motion does not even address the Debtor's intention with respect to the Property and it does not appear that there is actually a change in circumstances, or that the Debtor is taking appropriate action to address its debts in this bankruptcy case.

8. Notwithstanding the lack of merit to Debtor's Motion, the Court should retain its jurisdiction (if necessary) so that it can consider the In Rem Stay Motion on its merits.

9. It is well-established that pursuant to 11 U.S.C. § 105(a), the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code.

10. Further, pursuant to 11 U.S.C. § 349(b)(3), the bankruptcy court may retain jurisdiction

---

[1] The arguments contained in the In Rem Stay Motion as well as the exhibits annexed thereto are hereby incorporated by reference.

3

over estate property post-dismissal. "Retention of jurisdiction over the real property at issue to rule on an in rem motion despite dismissal of a case is an appropriate tool to curtail abuses of the bankruptcy system." *In re Merlo*, 646 B.R. 389, 392 (Bankr. E.D.N.Y. 2022).

11.     Therefore, no matter what showing the Debtor might attempt to make respecting good faith, the Court should exercise its discretion to limit any stay it might be inclined to impose such that it does not affect the Property or Secured Creditor's rights with respect to the Property.

12.     "Clear and convincing evidence is the weight of proof which produces in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established, evidence so clear, direct and weighty and convincing as to enable the fact finder to come to a clear conviction, without hesitancy, of the truth of the precise facts of the case." *Shafer v. Army & Air Force Exch. Serv.*, 376 F.3d 386, 396 (5th Cir. 2004).

13.     The Debtor has not provided any evidence that this case was filed in good faith much less establish good faith by clear and convincing evidence as to its interest with respect to the Property. Accordingly, this Court should not impose any stay as to creditors and instead the Court should merely retain jurisdiction to hear the In Rem Stay Motion.

14.     Finally, despite the Motion begin filed nearly a month ago, this Debtor has taken no action with respect to its basic Debtor obligations, there does not appear to be any change to the Debtor's schedules and there is no Debtor affidavit attesting to any change in circumstances or setting forth the Debtor's intentions with respect to the Property. As such, this Court should deny the Debtor's Motion.

## CONCLUSION

**WHEREFORE**, Secured Creditor respectfully requests that this honorable Court deny Debtor's Motion and grant such other further, different relief as is just and proper.

Dated: May 23, 2024
      Garden City, New York

           **Friedman Vartolo, LLP**
           Attorneys for the Secured Creditor

By:   *s/ Michael Rozea*
       Michael T. Rozea, Esq.
       1325 Franklin Ave., Suite 160
       Garden City, New York 11530
       (212) 471-5100

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------x
In re:

Fraleg Jefferson Corp dba Fraleg Quincy Corp
dba 931 Lincoln Place Corp,                             Chapter 11
                                                        Case No. 24-41125-ess
                      Debtor.
---------------------------------------------------------x

## **CERTIFICATE OF SERVICE**

On May 23, 2024, I caused to be served a true copy of the annexed:

**LIMITED OPPOSITION TO MOTION TO REINSTATE DEBTOR'S DISMISSED CHAPTER 11 BANKRUPTCY CASE AND REVERSE ORDER LIFTING THE AUTOMATIC STAY**

mailing the same by First Class Mail in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service, addressed to the last known address of the addressee, and the property address as indicated on the attached Service List annexed hereto.

                                          By: /s/Michael Rozea
                                          FRIEDMAN VARTOLO LLP
                                          1325 Franklin Avenue, Ste. 160
                                          Garden City, New York 11530
                                          T: (212) 471-5100
                                          F: (212) 471-5150

**SERVICE LIST**

Fraleg Jefferson Corp dba Fraleg Quincy Corp
dba 931 Lincoln Place Corp
45 Main Street
Suite 518
Brooklyn, NY 11236
KINGS-NY
*Debtor*

Francis E Hemmings
Hemmings & Snell LLP
30 Wall Street
8th Floor
New York, NY 10005
*Debtor's Attorney*

Office of the United States Trustee
Eastern District of NY (Brooklyn)
Alexander Hamilton Custom House
One Bowling Green
Room 510
New York, NY 10004-1408
*U.S. Trustee*