Case 1-24-41125-ess    Doc 27-2    Filed 05/23/24    Entered 05/23/24 13:02:08

*Bnm-6*

At the Supreme Court of the State of New
York held in and for the County of Kings, at
the Courthouse thereof, at 360 Adams Street,
Brooklyn, NY 11201, on the ___ day of
_____ Oct. _____, 20 2 _

HON. LAWRENCE KNIPEL, J.S.C.

-----------------------------------------------------------------X

WILMINGTON TRUST, N.A., NOT IN ITS
INDIVIDUAL CAPACITY, BUT SOLELY AS
TRUSTEE OF MFRA TRUST 2016-1,

                                                          Plaintiff

                -against-

FRALEG QUINCY CORP.; ANDY O. ALEGE;
MICHELE FLETCHER; NEW YORK CITY
DEPARTMENT OF FINANCE; NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE; NEW
YORK CITY ENVIRONMENTAL CONTROL BOARD,

                                                          Defendants

-----------------------------------------------------------------X

Index No. 513873/2021

**JUDGMENT OF FORECLOSURE
AND SALE**

**Mortgaged Premises**
173 Quincy Street
Brooklyn, NY 11216

**Block:** 1802
**Lot:** 101

**Mortgage Servicer:** PS Funding, Inc.
**Mortgage Servicer Phone #:** 844-733-7787

ON the Summons, Verified Complaint and Notice of Pendency duly filed in the Kings County

Clerk's Office on June 9, 2021, and all proceedings thereon; and on reading and filing the Notice of

Motion dated August 26, 2022, Affirmation of Regularity of Juliana Thibaut, Esq. dated August 26, 2022,

with exhibits annexed thereto, showing that all of the Defendants herein have been duly served within this

State with a copy of the Summons in this action, or have voluntarily appeared pro se or by their respective

attorneys, or after due diligent efforts to effectuate service having been unsuccessful and a determination

made that such service upon certain Defendants cannot be effected; and on proof of service upon and

appearance, if any, by the Defendants herein heretofore filed in this action; and stating that more than the

legally required number of days have elapsed since said Defendants were so served; and that all

Defendants herein have defaulted in pleading by failing to serve an answer to said Complaint except New

York City Department of Finance, nor has their time to do so been extended; and

Firm File No. 202366-1

Case 1-24-41125-ess    Doc 27-2    Filed 05/23/24    Entered 05/23/24 13:02:08

ON the Order of Reference granted March 4, 2022 and entered in the Kings County Clerk's Office on March 25, 2022, appointing Jeffrey R. Miller, Esq. as Referee in this action to ascertain and compute the amount due Plaintiff for principal, interest and advances made pursuant to the Note and Mortgage, and to examine the Plaintiff or its agent on oath as to allegations of the complaint, and to examine and report whether the Mortgaged Premises should be sold in one or more parcels;

AND on reading and filing the oath and report of the aforesaid Referee sworn to and dated May 30, 2022, it appears that the sum of $2,2313,703.11 was due the Plaintiff for principal, interest and advances made pursuant to the Note and Mortgage, as of May 30, 2020, plus interest for every day thereafter, on the date of said Report and that the Mortgaged Premises should be sold in one parcel;

NOW, on motion of **Friedman Vartolo LLP**, the attorneys for the Plaintiff, it is:

**ORDERED**, that the instant motion is granted; and it is further

**ORDERED, ADJUDGED AND DECREED** that the report of Jeffrey R. Miller, Esq. dated July 22, 2022, be, and the same is hereby, in all respects, ratified and confirmed; and it is further

**ORDERED, ADJUDGED AND DECREED** that by accepting this appointment the Referee certifies that they are in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to, section 36.2(c) ("Disqualification from appointment"), and section 36.2(d) ("Limitations on appointments based upon compensation"); and it is further

**ORDERED, ADJUDGED AND DECREED** that the Mortgaged Premises 173 Quincy Street, Brooklyn, NY 11216; a description of said Mortgaged Premises is annexed hereto and made a part hereof as Schedule A (hereinafter "Mortgaged Premises") as further described in the complaint in this action, or such part thereof as may be sufficient to discharge the mortgage debt under the Note and Mortgage, the expenses of the sale and the costs of this action as provided by the Real Property Actions Proceeding Law be          sold,          in          one          parcel,          at          public          auction

Firm File No. 202366-1

at _____ Kings Courthouse _____

_____ by and under the

direction of Jeffrey R. Miller, Esq., who is hereby appointed Referee for that purpose; that said Referee

give public notice of the time and place of such sale in accordance with the law, practice of this Court,

RPAPL §231, and the Kings Supreme Civil COVID-19 Policies concerning Public Auctions of foreclosed

properties annexed hereto, in _____ Brooklyn Eagle _____ and that the Plaintiff or any

other party to this action may become the purchaser at such sale; that in case the Plaintiff or its assignee

shall become the purchaser at the said sale, they shall not be required to make any deposit thereon; that

said Referee execute to the purchaser or purchasers on such sale a deed of the premises sold; that in the

event a party other than the Plaintiff or its assignee becomes the purchaser or purchasers at such sale they

shall be required to tender a deposit of 10% of the purchase price in certified funds and the closing of title

shall be had thirty days after such sale unless otherwise stipulated by all parties to the sale and if such

closing is required, and the Referee seeks and is awarded additional fees for said closing, those fees shall

be paid by purchaser; and it is further

ORDERED, ADJUDGED AND DECREED, that Plaintiff may assign its interests and rights

under the instant Judgment to a third party of its choosing by filing an Assignment of Cause of Action

with the County Clerk and providing a copy to the Referee appointed within the instant order; and it is

further

ORDERED, ADJUDGED AND DECREED, that if the Referee does not conduct the sale within 90

days of the date of the judgment, in accordance with CPLR 2004, the time fixed by RPAPL §1351(1) is

extended for the Referee to conduct the sale as soon as reasonably practicable; and it is further

ORDERED, ADJUDGED AND DECREED, that said Referee on receiving the proceeds of the

sale, shall forthwith pay therefrom, in accordance with their priority according to law, the taxes,

Firm File No. 202366-1

Case 1-24-41125-ess Doc 27-2 Filed 05/23/24 Entered 05/23/24 13:02:08

assessments, sewer rents or water rates which are or may become liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further,

**ORDERED, ADJUDGED AND DECREED**, that Plaintiff or any other party that may become the purchaser or purchasers at such sale shall pay all transfer taxes and recording expenses; any and all maintenance fees and assessments; taxes, water rates, and any fees associated with the transfer of title for the Mortgaged Premises accrued from the sale date forward are the obligation of the purchaser, and that in the event a party, other than Plaintiff, becomes the purchaser or purchasers at such sale, the closing of title shall be had thirty days after such sale unless otherwise stipulated by all parties to the sale, including Plaintiff and that failure of the purchaser(s) to close within thirty days may result in forfeiture of any deposit tendered by purchaser(s), in lieu of closing, and that Plaintiff reserves the right to sell to the next highest bidder at said sale; that any purchaser, other than Plaintiff, shall pay interest on the purchase price from the date of sale to the date of delivery of the deed; that in case Plaintiff shall become the purchaser at the said sale, it shall not be required to make any deposit thereon; and it is further

**ORDERED, ADJUDGED AND DECREED**, that said Referee then deposit the balance of said proceeds of sale in his/her own name as Referee in ____ *any NYC bank* ____, and shall thereafter make the following payments and his/her checks drawn for that purpose shall be paid by said depository;

FIRST:      That statutory fees of the Referee pursuant to CPLR §8003(b) which shall not exceed the sum of $750.00 unless the sale price (the amount of the accepted bid) exceeds $50,000.00 In the event the sale price exceeds fifty thousand dollars and additional compensation (including commissions) in excess of $750.00 is sought pursuant to CPLR §8003(b) and if no surplus monies are produced by the sale, the parties may present a stipulation, signed by the

Firm File No. 202366-1

Case 1-24-41125-ess Doc 27-2 Filed 05/23/24 Entered 05/23/24 13:02:08

Referee and all parties appearing, agreeing to a stated sum, to be so-ordered by the Court. Where surplus monies will be available following the distribution of sums as provided herein, or where the parties are unable to agree to the Referee's proper compensation under CPLR §8003(b), application shall be made to this Court on notice to all parties known to be entitled to claim against any surplus monies, including the defaulting owner of equity of redemption. Such application shall be promptly submitted to the Court within five days of the transfer of deed and prior to filing the Report of Sale. The five-day period for payment of surplus money into Court as set forth in RPAPL §1354(4), and the thirty-day period set forth in RPAPL §1355 for the filing of the Report of Sale shall be deemed extended pending the decision of the Court regarding such application.

In the event the scheduled sale is cancelled or postponed, pursuant to CPLR §8003(a), Plaintiff shall compensate the Referee the sum of $250.00 for each adjournment or cancellation unless the Referee has requested the delay. Such compensation may be recouped from the proceeds of sale as a cost to Plaintiff. This order shall constitute the necessary prior authorization for compensation as set forth herein.

No compensation in excess of $750.00, including compensation authorized pursuant to CPLR §8003(a) for computation of the sum due to Plaintiff, may be accepted by the Referee without Court approval and compliance with the filing provision of Section 36.4 of the Rules of the Chief Judge.

**SECOND:** The expenses of sale and the advertising expenses as shown on the bills presented and certified by said Referee to be correct, copies of which shall be annexed to the Report of Sale and the NYC Transfer Tax, pursuant to 19 RCNY 23-03(d)(2), if applicable, payable within 30 days of delivery of deed pursuant to 19 RCNY 23-08(a). The Referee shall not be held responsible

Firm File No. 202366-1

Case 1-24-41125-ess    Doc 27-2    Filed 05/23/24    Entered 05/23/24 13:02:08

for the payment of penalties or fees pursuant to this appointment. Purchaser *and any title company hired by the Purchaser* shall be responsible for any penalties or fees incurred as a result of late payment of the tax as required pursuant to City Administrative Code 19 RCNY 23-08(a) which requires payment within 30 days. The Purchaser shall hold the Referee harmless from any such penalties as a result of late payment of these taxes.

**THIRD:**    Pursuant to Real Property Actions and Proceedings Law 1354, in accordance with their priority according to law, taxes, assessments, sewer rents, water rates and any charges placed upon the property by a city agency which have priority over the foreclosed Mortgage, which are liens on the premises at the time of sale with such interest or penalties which may have lawfully accrued thereon the date of payment.

**FOURTH:**    Said Referee shall also pay to the Plaintiff or Plaintiff's attorney, the sum of $3,204.80 to be determined by the Clerk and adjudged to the Plaintiff for costs and disbursements in this action or as taxed by the Clerk on the Costs of Plaintiff and inserted therein, with interest thereon from the date hereof; and also the sum of $2,2313,703.11, the said amount so reported due as aforesaid, together with contractual interest thereon from May 30, 2022, the date interest was calculated to in said report to the date of entry of this Order, and thereafter the statutory post-judgment date to the date of transfer of title, or so much thereof as the purchase money of the Mortgaged Premises will pay of the same, together with reasonable attorney's fees in the sum of $2,900.00 as provided for in paragraph 13 of the Mortgage, together with any advances as provided for in the Note and Mortgage which plaintiff has made for taxes, insurance, principal and interest and any other charges due to prior mortgages or to maintain the premises pending consummation of this foreclosure sale, not previously included in the computation, upon presentation to the Referee of receipts for said expenditures, all together with interest thereon

Case 1-24-41125-ess   Doc 27-2   Filed 05/23/24   Entered 05/23/24 13:02:08

pursuant to the Note and Mortgage as above provided. Copies of such receipts shall be annexed to the Referee's Report of Sale pursuant to RPAPL §1355; and it is further

**ORDERED, ADJUDGED AND DECREED** that in case the Plaintiff or Plaintiff's assignee be purchaser of said Mortgaged Premises at said sale, or in the event that the rights of the purchaser at said sale and the terms of sale under the judgment shall be assigned to and be acquired by the Plaintiff or Plaintiff's assignee, and a valid assignment thereof filed with said Referee, said Referee shall not require the Plaintiff or its assignee to pay in cash the entire amount bid at said sale, but shall execute and deliver to the Plaintiff or its assignee, a deed or deeds of the premises sold upon the payment to said Referee of the amount specified above in items marked **"FIRST," "SECOND"** and **"THIRD,"** if such expenses were paid by the Referee, or in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing payment thereof. The balance of the amount of the bid, after deducting the aforesaid amounts paid to the Referee for compensation and expenses, taxes, assessments, sewer rents and water rents, and priority liens of a city agency, shall be allowed to the plaintiff and applied by said Referee upon the amounts due to the plaintiff specified in item marked **"FOURTH."** If upon so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to the Plaintiff or its assignee, the Plaintiff or its assignee shall pay to said Referee, upon delivery to Plaintiff or its assignee of said Referee's deed, the amount of the surplus [which will be applied by the Referee upon motion made pursuant to RPAPL §1351(3) and proof satisfactory to the Referee of the sums due thereon, to any subordinate mortgage duly recorded against the property, pursuant to RPAPL §1354(3), which payments shall be reported in the Referee's Report of Sale.] Any surplus remaining after all payments as herein provided shall be deposited into Court in accordance with RPAPL §1354(4) and the Referee shall immediately give notice of such surplus to the owner of the mortgaged premises as identified by Plaintiff at the time of the sale; and it is further

Case 1-24-41125-ess    Doc 27-2    Filed 05/23/24    Entered 05/23/24 13:02:08

INDEX NO. 513873/2021

**ORDERED, ADJUDGED AND DECREED** that said Referee shall take the receipt of the Plaintiff's or the attorneys for the Plaintiff for the amounts paid as directed in item "**FOURTH**," and file it with his/her Report of Sale; that he/she deposit surplus monies, if any, with the Kings County Clerk within five days after the same shall be received unless such period is deemed to be extended by the filing of an application for additional compensation as set forth herein, to the credit of this action, to be withdrawn only on Order of this Court, signed by a Justice of the Court; that said Referee shall make his/her report of such sale under oath showing the disposition of the proceeds of the sale and accompanied by the vouchers of the persons to whom payments were made, and shall file it with the Kings County Clerk within thirty days after completing the sale and executing the proper conveyance to the purchaser or within thirty days of the decision of the court with respect to any application for additional compensation; and it is further

**ORDERED, ADJUDGED AND DECREED** that if the proceeds of such sale be insufficient to pay the amount reported due to the Plaintiff or its assignee with interest and costs as aforesaid, the Plaintiff or its assignee shall recover from the Defendant, Fraleg Quincy Corp., the whole deficiency or so much thereof the Court may determine to be just and equitable of the residue of the mortgage debt remaining unsatisfied after the sale of the Mortgaged Premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made within 90 days of the delivery of the deed by the Referee, and the amount thereof is determined and awarded by an order of this Court as provided for in said action ; and it is further

**ORDERED, ADJUDGED AND DECREED,** that the purchasers at such sale be let into possession upon service of the Referee's deed or deeds; and it is further

**ORDERED, ADJUDGED AND DECREED,** that each and all of the Defendants in this action and all persons claiming under them, or any of either of them, after the filing of such notice of pendency

of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in said Mortgaged Premises and each and every part thereof; and it is further

**ORDERED, ADJUDGED AND DECREED**, that said premises is to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the premises would disclose; any state of facts that an accurate survey of the premises would show, and covenants, restrictions, declarations, reservations, easements, rights of way and public utility agreement of record, if any; any building and zoning ordinances of the municipality in which the Mortgaged Premises is located and possible violations of same; any rights of tenants or persons in possession of the subject premises; prior lien(s) of record, if any, except those liens addressed in §1354 of the Real Property Actions and Proceeding Law; any right pursuant to CPLR 317, 2003 and 5015 or any appeal of the underlying action or additional litigation brought by any defendant or its successor or assignee contesting the validity of this foreclosure; any equity of redemption of the UNITED STATES OF AMERICA to redeem the premises within 120 days from date of sale; and it is further

**ORDERED**, that in the absence of the Referee, the Court may designate a Substitute Referee forthwith; and it is further

**ORDERED**, that the Referee appointed herein is subject to the requirements of 36.2(c) of the Chief Judge, and if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall notify the Appointing Judge forthwith; and it is further

Firm File No. 202366-1

Case 1-24-41125-ess    Doc 27-2    Filed 05/23/24    Entered 05/23/24 13:02:08

**ORDERED**, that a copy of this Judgment with Notice of Entry shall be served upon the designated Referee, the owner of the equity of redemption, as of the date of this Order, any tenants named in this action and any other party entitled to notice within twenty days of entry and no less than thirty (30) days prior to sale.

Dated: 10/26/22

HON. LAWRENCE KNIPEL, J.S.C.

HON. LAWRENCE KNIPEL
ADMINISTRATIVE JUDGE

Nancy T. Sunshine

NANCY T. SUNSHINE
Clerk

FILED
KINGS COUNTY CLERK
2022 NOV -1 PM 4: 37

Firm File No. 202366-1

## SCHEDULE A—LEGAL DESCRIPTION

**Block 1802 Lot 101**

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the Northerly side of Quincy Street, distant 80 feet Easterly from the corner formed by the intersection of the Northerly side of Quincy Street with the Easterly side of Bedford Avenue;

RUNNING THENCE Northerly parallel with Bedford Avenue and part of the distance through a party wall, 100 feet;

THENCE Easterly and parallel with Quincy Street, 20 feet;

THENCE Southerly and again parallel with Bedford Avenue, 100 feet to the Northerly side of Quincy Street;

THENCE Westerly along the Northerly side of Quincy Street, 20 feet to the point or place of BEGINNING.

**Premises known as 173 Quincy Street, Brooklyn, New York 11216**

Firm File No. 202366-1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
------------------------------------------------------------------X
WILMINGTON TRUST, N.A., NOT IN ITS
INDIVIDUAL CAPACITY, BUT SOLELY AS
TRUSTEE OF MFRA TRUST 2016-1,

Index No. 513873/2021

                       Plaintiff,

**COSTS OF PLAINTIFF**

             -against-

FRALEG QUINCY CORP.; ANDY O. ALEGE;
MICHELE FLETCHER; NEW YORK CITY
DEPARTMENT OF FINANCE; NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE; NEW
YORK CITY ENVIRONMENTAL CONTROL BOARD,

**Mortgaged Premises**
173 Quincy Street
Brooklyn, NY 1121[...]

**Block**: 1802
**Lot**: 101

                       Defendants
------------------------------------------------------------------X

*Costs at $ 3204.80*
*This 1 day of Nov 2022*
*Nancy T. Sunshine*
*Clerk of Court Kings County*

**COSTS OF PLAINTFF:**

| | |
|---|---|
| Costs before Note of Issue | $200.00 |
|     CPLR Sec. 8201 subd. 1 | |
| Allowance by statute | $150.00 |
|     CPLR Sec.8302 (a) (b) | |
| Additional allowance | $50.00 |
|     CPLR Sec. 8302 (d) | |
| Motion costs | $0.00 |
|     CPLR Sec 8303 | |
| **Costs:** | **$400.00** |

**DISBURSMENTS:**

| | |
|---|---|
| Fee for index number | $400.00 |
|     CPLR Sec. 8018 (a) | |
| Referee's fee | $350.00 |
|     CPLR Sec. 8301(a)1 | |
| Clerk's fee, filing notice of pend. or attach. | $35.00 |
|     CPLR Sec. 8021 (a)(10) | |
| Paid for searches | $489.94 |
|     CPLR Sec. 8301(a)(10) | |
| Serving copy of summons and complaint | $1,344.86 |
|     CPLR Sec. 8011(c)1 | |
| Request for Judicial Intervention | $95.00 |
|     CPLR Sec. 8020(a) | |
| Fees for Submission of Order of Reference and Judgment | $90.00 |
|     CPLR Sec. 8020(a) | |
| **Disbursements:** | **$2,804.80** |
| **Total Costs and Disbursements:** | **$3,204.80** |

Firm File No. 202366-1

*FILED KINGS COUNTY CLERK 2022 NOV -1 PM 4:38*

Copies of the invoices for the aforementioned disbursements are annexed hereto.


     I, Juliana Thibaut, Esq., an attorney admitted to the practice of law in the State of New York, hereby affirm pursuant to CPLR §2106 that: Friedman Vartolo LLP, are the attorneys of record for Plaintiff in this action; the foregoing disbursements have been or will be necessarily made or incurred in this action and are reasonable in amount; and the copies of the documents or papers as charged herein were actually and necessarily obtained for use.

Dated: August 26, 2022

/s/ Juliana Thibaut
Juliana Thibaut, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for Plaintiff
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
T: (212) 471-5100

Firm File No. 202366-1

# WORD COUNT CERTIFICATION

Juliana Thibaut, Esq., an attorney admitted to practice in the courts of New York State, hereby affirms under penalty of perjury that:

I am an associate of the firm of **FRIEDMAN VARTOLO LLP** the attorneys of record for the Plaintiff in the within action.

This computer generated **COSTS OF PLAINTIFF** was prepared using a proportionally spaced typeface. The total number of words, inclusive of caption, point headings and footnotes, if any, and exclusive of exhibit, word count certification, or any authorized addendum is 307.

Dated: August 26, 2022
New York, New York

/s/ Juliana Thibaut
Juliana Thibaut, Esq.
FRIEDMAN VARTOLO LLP
Attorneys for Plaintiff
1325 Franklin Avenue, Suite 160
Garden City, New York 11530
T: (212) 471-5100

Firm File No. 202366-1

Case 1-24-41125-ess    Doc 27-2    Filed 05/23/24    Entered 05/23/24 13:02:08



# NYSCEF - Kings County Supreme Court
# Payment Receipt

---

The NYSCEF website has received your electronic filing. Please keep a copy for your records.

**Index Number NOT assigned**

**WILMINGTON TRUST, N.A., NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF MFRA TRUST 2016-1 v. FRALEG QUINCY CORP. et al**

## Documents Received on    06/09/2021 04:10 PM

| Doc # | Document Type | Control # | Motion # | Fee |
|---|---|---|---|---|
| 1 | SUMMONS & COMPLAINT W/PROOF OF SVC OF HARDSHIP DECL. & AFF. STATING NO RECEIPT OF HARDSHIP DECL. | | | $0.00 |
| 2 | EXHIBIT(S) A (Redacted per 202.5(e) or 206.5(e)) | | | $0.00 |
| 3 | EXHIBIT(S) B (Redacted per 202.5(e) or 206.5(e)) | | | $0.00 |
| 4 | EXHIBIT(S) C (Redacted per 202.5(e) or 206.5(e)) | | | $0.00 |
| 5 | EXHIBIT(S) D (Redacted per 202.5(e) or 206.5(e)) | | | $0.00 |
| 6 | EXHIBIT(S) E (Redacted per 202.5(e) or 206.5(e)) | | | $0.00 |
| 7 | EXHIBIT(S) F | | | $0.00 |
| 8 | NOTICE OF PENDENCY | | | $35.00 |
| 9 | CONSENT TO EFILING | | | $0.00 |
| 10 | NOTICE TO DEFENDANT (PER AO-131-20) | | | $0.00 |

|  |  |
|---|---|
| *Index Fee* | + $400.00 |
| *Credit Card Service Fee:** | + $13.01 |
| *Total Fee* | **$448.01** |

**\* Credit Card Service Fee:** This fee is in addition to the amount paid to the biller and will appear as a separate charge on your credit or debit card statement. This service fee is non-refundable.

---

**Hon. Nancy T. Sunshine, Kings County Clerk and Clerk of the Supreme Court - kcco-efile@nycourts.gov**

Phone: Phone: 347-404-9766 or 347-404-9762    Website: https://www.nycourts.gov/courts/2jd/kingsclerk/index.shtml

**NYSCEF Resource Center - nyscef@nycourts.gov**
**Phone:** (646) 386-3033    **Fax:** (212) 401-9146    **Website:** www.nycourts.gov/efile

Case 1-24-41125-ess    Doc 27-2    Filed 05/23/24    Entered 05/23/24 13:02:08



# NYSCEF - Kings County Supreme Court
# Payment Receipt

### Index Number NOT assigned

**WILMINGTON TRUST, N.A., NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF MFRA TRUST 2016-1 v. FRALEG QUINCY CORP. et al**

## Payment Information

| | |
|---|---|
| Generated Receipt #: | 0002384978 |
| Payment Type: | **VISA/MC** |
| Date Paid: | **06/09/2021** |
| Filing Fee: | **$435.00 (Authorization Code: 01687G)** |
| Credit Card Service Fee:* | **$13.01 (Authorization Code: 01667G)** |

## Filing User

Juliana Thibaut | jthibaut@friedmanvartolo.com | (212) 471-5100
85 Broad Street, Suite 501, New York, NY 10004

---

**\* Credit Card Service Fee:** This fee is in addition to the amount paid to the biller and will appear as a separate charge on your credit or debit card statement. This service fee is non-refundable.

---

**Hon. Nancy T. Sunshine, Kings County Clerk and Clerk of the Supreme Court -** kcco-efile@nycourts.gov

Phone: Phone: 347-404-9766 or 347-404-9762      Website: https://www.nycourts.gov/courts/2jd/kingsclerk/index.shtml

**NYSCEF Resource Center -** nyscef@nycourts.gov
**Phone:** (646) 386-3033    **Fax:** (212) 401-9146    **Website:** www.nycourts.gov/efile

Case 1-24-41125-ess Doc 27-2 Filed 05/23/24 Entered 05/23/24 13:02:08



**ADVANTAGE FORECLOSURE**

INVOICE

| | |
|---|---|
| Date: | **09/02/2020** |
| Invoice/Title #: | **FCL-155534-20 A** |
| Client Reference | **42196** |

**Bill to:**

**MFA Financial, Inc.**

350 Park Avenue, 20th Floor

New York, New York 10022

Phone: 212-207-6422

Attn: Lori Samuels

| Record Owner | Premises | County |
|---|---|---|
| Fraleg Quincy Corp | 173 Quincy Street | Kings |
| Andy O. Alege | Brooklyn, NY 11216 | |

| Description of Services | Amount |
|---|---|
| Foreclosure Search | $450.00 |
| Sales Tax Rate 8.875% Jurisdiction Code 8081 | $39.94 |
| **Total Amount Due** | **$489.94** |

Please make check payable to:

Advantage Foreclosure

201 Old Country Road, Suite 200

Melville, NY 11747

**Please remit payment within 30 days to the above address. If you have any questions regarding payment of**

**this invoice, please contact Diane Striebel at 631.870.1044 or dstriebel@advantagegroupny.com**

*Thank you. We appreciate your continued business!*

Case 1-24-41125-ess   Doc 27-2   Filed 05/23/24   Entered 05/23/24 13:02:08

Reliant Court Services, Inc.                    Invoice #: 31513
3275 Veterans Highway, Suite B-12
Ronkonkoma, NY 11779                            Date: 08/03/2021
(631) 567-3120

.

FRIEDMAN VARTOLO LLP
85 BROAD STREET
SUITE 501
NEW YORK, NY 10004

## INVOICE FOR SERVICE

| Service #105897: FRALEG QUINCY CORP. | Your File# 202366 |
|---|---|
| WILMINGTON TRUST, N.A., NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF MFRA TRUST 2016-1 v. FRALEG QUINCY CORP., ET AL., | Court Case #: 513873/2021 |
| Serve Secretary of State w/advanced fee-Fraleg Quincy Corp | $95.00 |
| Main Defendant-Andy O. Alege-535 Carlton Ave., Apt716, Brooklyn | $75.00 |
| Andy O. Alege-Attempt-173 Quincy St., Brooklyn | $75.00 |
| Property Vacant Affidavit | $45.00 |
| Michele Fletcher-600 National Harbor Blvd, Oxon Hill, MD | $125.00 |
| Michele Fletcher-Attempt-3809 Village Park Drive, Chevy Chase, MD | $125.00 |
| Serve Secretary of State w/advanced fee-Commonwealth Capital,LLC | $95.00 |
| New York City Dept of Finance | $75.00 |
| New York State Dept of Taxation Finance | $75.00 |
| New York City Environmental Control Board | $75.00 |
| Commonwealth Real Estate Investments LLC-Attempt-2 Bala Plaza, Ste 714, Bala Cynwyd, PA | $125.00 |
| Commonwealth Real Estate Investments LLC-Attempt-3992 Lost Mill Rd., | $125.00 |

1

FILED: KINGS COUNTY CLERK 11/01/2022 04:41 PM
INDEX NO. 513873/2021
FILED: KINGS COUNTY CLERK 08/26/2022 10:59 AM
NYSCEF DOC. NO. 66
RECEIVED NYSCEF: 11/01/2022
RECEIVED NYSCEF: 08/26/2022

Powhatan, VA

| | |
|---|---|
| Mailing Costs | $25.30 |
| NYS DMV Search | $35.00 |
| Service completion costs | $119.56 |
| Standard Skiptrace | $55.00 |
| **TOTAL CHARGES:** | **$1344.86** |
| **BALANCE:** | **$1344.86** |

2

FILED: KINGS COUNTY CLERK 11/01/2022 04:41 PM
INDEX NO. 513873/2021

Case 1-24-41125-ess Doc 27-2 Filed 05/23/24 Entered 05/23/24 13:02:08

FILED: KINGS COUNTY CLERK 08/26/2022 10:59 AM
INDEX NO. 513873/2021

NYSCEF DOC. NO. 66
RECEIVED NYSCEF: 11/01/2022

NYSCEF DOC. NO. 66
RECEIVED NYSCEF: 08/26/2022



# NYSCEF - Kings County Supreme Court
# Payment Receipt

---

The NYSCEF website has received your electronic filing. Please keep a copy for your records.

## 513873/2021

## WILMINGTON TRUST, N.A., NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE OF MFRA TRUST 2016-1 v. FRALEG QUINCY CORP. et al

## Documents Received on    09/21/2021 05:54 PM

| Doc # | Document Type | Control # | Motion # | Fee |
|-------|---------------|-----------|----------|-----|
| 25 | NOTICE OF MOTION | | | $45.00 |
| 42 | RJI -RE: NOTICE OF MOTION | | | $95.00 |
| | | | *Credit Card Service Fee:** | + $4.19 |
| | | | *Total Fee* | $144.19 |

## Payment Information

| | |
|---|---|
| Generated Receipt #: | 0002640784 |
| Payment Type: | **VISA/MC** |
| Date Paid: | **09/21/2021** |
| Filing Fee: | **$140.00 (Authorization Code: 03358G)** |
| Credit Card Service Fee:* | **$4.19 (Authorization Code: 03335G)** |

## Filing User

Juliana Thibaut | jthibaut@friedmanvartolo.com | (212) 471-5100
85 Broad Street, Suite 501, New York, NY 10004

---

**\* Credit Card Service Fee:** This fee is in addition to the amount paid to the biller and will appear as a separate charge on your credit or debit card statement. This service fee is non-refundable.

---

**Hon. Nancy T. Sunshine, Kings County Clerk and Clerk of the Supreme Court** - kcco-efile@nycourts.gov

Phone: Phone: 347-404-9766 or 347-404-9762    Website: https://www.nycourts.gov/courts/2jd/kingsclerk/index.shtml

---

**NYSCEF Resource Center -** nyscef@nycourts.gov
**Phone:** (646) 386-3033    **Fax:** (212) 401-9146    **Website:** www.nycourts.gov/efile