UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
_____X
In re:

FRALEG JEFFERSON CORP,

dba Fraleg Quincy Corp,
dba 931 Lincoln Place Corp,

               Debtor.
_____X

Chapter 11

Case No.: 24-41125-ess

Hon. Elizabeth S. Strong
United States Bankruptcy Judge

## DEBTOR'S OBJECTION TO SECURED CREDITOR'S MOTION TO LIFT AUTOMATIC STAY

The Debtor, Fraleg Jefferson Corp., dba Fraleg Quincy Corp, and dba 931 Lincoln Place Corp., through counsel Francis E. Hemmings, Esq., respectfully submits the following affirmation objecting to Lima One Capital as Servicer for Wilmington Trust, NA , (hereinafter known as the"Lender"), motion for relief from the automatic stay with respect to the Debtor's real property known as and located at 173 Quincy Street, Brooklyn, NY 11216 (hereinafter known as the "Premises")

### BACKGROUND

1.    Debtor purchased Premises on August 29, 2019.  Debtor financed the purchase by borrowing the sum of $1,650,000.00   from TAM Lending Center, Inc., (hereinafter known as "TAM").

2.    To secure the repayment, Debtor executed a Note and a Mortgage in favor of TAM with the mortgage being recorded in the Kings County Clerks Office.  The mortgage was subsequently assigned from TAM to Wilmington Trust, N.A.,

3.    Debtor defaulted on making monthly payments and a foreclosure action was commenced by Lender.  A judgement of foreclosure was entered on November 1, 2022.

4. On March 14, 2024, immediately before a scheduled foreclosure sale, the Debtor filed the present case in an effort to preserve ownership of its assets, including Premises.

5. To obtain relief from the automatic stay pursuant to § 362(d), a creditor must show the court that its interest in the debtors property is sufficiently clear and in need of protection to justify the property from the normal course of bankruptcy proceedings. *See Eastern Refractories Co., Inc. v. Forty Eight Insulations, Inc., 157 F.3d 169 (2nd Cir. 1998).* The Debtor's property in the matter at hand is a multifamily building located at 173 Quincy Street, Brooklyn, NY, it is real property, insured and is safe.

6. The automatic stay provision is designed to forfend against the disorderly piecemeal dismemberment of the debtor's estate outside the bankruptcy proceedings. Granting the requested relief at this juncture would defeat the Debtor's efforts to refinance and preserve its real estate portfolio and effectively end the Debtors pending right to redeem the property.

7. Lender accuses the Debtor of making last minute bankruptcy filings insinuating that the only purpose for these filings were to thwart the foreclosure sales of Debtor's property. However, this is the essence and nature of most bankruptcy filings. Bankruptcy is meant to provide a debtor with a chance to rebuild when they can no longer contain or control the situation. The reality of this matter is that Lender wanted to foreclose so as to recoup as much money as possible from the prior scheduled foreclosure sale and the only way for Debtor to protect its interest was to file a bankruptcy petition. Essentially lifting the stay is a further opportunity to foreclose.

8. Debtor's stated intention is to refinance the premises with a new loan, and from proceeds of the new loan, repay and satisfy Lender in full. Debtor has made significant progress in

this process and is close to securing a loan commitment. Debtor will provide this Court and Lender with a copy of a the loan commitment.

9.  Debtor's respects the bankruptcy process and will adhere to all that is required of a chapter 11 Debtor, including maintaining insurance on the debtor's properties, making adequate protection payments, making its payments to the trustee, and filing its monthly operating reports. Lender's desire and intent to foreclose should not interefere with the normal course of a bankruptcy proceeding.

WHEREFORE, the Debtor respectfully request that Lender's motion for relief from the automatic stay be denied in all aspects and that Debtor be afforded an opportunity to complete it's refinancing efforts.

Dated: May 24, 2024
Laurelton, New York

*/s/ Francis E. Hemmings*
Francis E. Hemmings, Esq.
Law Offices of Francis E. Hemmings PLLC
228-18 Mentone Avenue
Laurelton, New York 11413
(212) 747-9560
*Counsel for Debtor*