United States Bankruptcy Court
Eastern District of New York

In re:  Case No. 24-41125-ess
Fraleg Jefferson Corp  Chapter 11
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0207-1     User: admin     Page 1 of 2
Date Rcvd: Jun 04, 2024     Form ID: pdf000     Total Noticed: 3

The following symbols are used throughout this certificate:
**Symbol    Definition**

+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

^     Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jun 06, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Fraleg Jefferson Corp, 45 Main Street, Suite 518, Brooklyn, NY 11201-1023 |
|  | + | Francis E. Hemmings, Esq., 228-18 Mentone Avenue, Laurelton, New York 11413-2929 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
|  | ^ MEBN | Jun 04 2024 18:14:06 | FRIEDMAN VARTOLO LLP, 1325 Franklin Avenue, Suite 160, Garden City, NY 11530-1631 |

TOTAL: 1

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.
NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jun 06, 2024     Signature:     /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on June 4, 2024 at the address(es) listed below:

| Name | Email Address |
|---|---|
| Francis E Hemmings | on behalf of Debtor Fraleg Jefferson Corp general@hemmingssnell.com fhemmings@gmail.com |
| Michael Lawrence Carey | on behalf of Creditor Lima One Capital as servicer for Wilmington Trust N.A., not in its individual capacity, but solely as trustee of MFRA Trust 2016-1 mcarey@ecf.courtdrive.com, bankruptcy@friedmanvartolo.com |
| Michael Thomas Rozea | |

| | | |
|---|---|---|
| District/off: 0207-1 | User: admin | Page 2 of 2 |
| Date Rcvd: Jun 04, 2024 | Form ID: pdf000 | Total Noticed: 3 |

on behalf of Creditor Lima One Capital as servicer for Wilmington Trust  N.A., not in its individual capacity, but solely as trustee of MFRA Trust 2016-1 bkecf@friedmanvartolo.com, mrozea@friedmanvartolo.com

Office of the United States Trustee
USTPRegion02.BR.ECF@usdoj.gov

Sherri Jennifer Smith
on behalf of Creditor Wilmington Savings Fund Society  FSB, as Owner Trustee of the Residential Credit Opportunities Trust VIII-B ssmith@pincuslaw.com, amautz@pincuslaw.com

TOTAL: 5

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
In re:                                                                               Chapter 11

    FRALEG JEFFERSON CORP                                Case No. 24-41125-ess
    *dba* FRALEG QUINCY CORP
    *dba* 931 LINCOLN PLACE CORP,

                                      Debtor.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

**ORDER VACATING DISMISSAL, REINSTATING CASE, AND DENYING THE
DEBTOR'S MOTION TO VACATE ORDER GRANTING STAY RELIEF**

*Selected Procedural History*

        WHEREAS, on March 14, 2024, Fraleg Jefferson Corp (the "Debtor") filed a petition for relief under Chapter 11 of the Bankruptcy Code (the "Chapter 11 Case"); and

        WHEREAS, on March 14, 2024, the Clerk of the Court entered a Notice of Deficient Chapter 11 Case for the Debtor's failure to be represented by counsel (the "Deficiency Notice"), scheduling a hearing for April 1, 2024; and

        WHEREAS, on March 20, 2024, Wilmington Savings Fund Society, FSB, as Owner Trustee of the Residential Credit Opportunities Trust VIII-B ("Wilmington") filed a Motion for In Rem Stay Relief with respect to the property located at 15 Jefferson Avenue, Brooklyn, NY 11238 (the "Wilmington In Rem Stay Relief Motion"); and

        WHEREAS, from time to time, and on April 11, 2024, the Court held hearings on the Deficiency Notice and the Wilmington In Rem Stay Relief Motion, at which Wilmington and the United States Trustee appeared and were heard, and the Debtor did not appear, and at the April 11, 2024 hearing, the Court dismissed the Chapter 11 Case and granted the Wilmington In Rem Stay Relief Motion; and

WHEREAS, on April 15, 2024, Francis E. Hemmings, Esq. filed a notice of appearance of counsel on behalf of the Debtor; and

WHEREAS, on April 25, 2024, the Court issued an Order granting the Wilmington In Rem Stay Relief Motion (the "Wilmington In Rem Order"); and

WHEREAS, on April 25, 2024, the Debtor filed a motion requesting, among other things, to vacate the dismissal, reinstate the Chapter 11 case, and reverse the Wilmington In Rem Order (the "Motion to Reinstate Case"); and

WHEREAS, on May 3, 2024, Lima One Capital as servicer for Wilmington Trust, N.A ("Lima One Capital") filed a Motion for In Rem Stay Relief with respect to the property located at 173 Quincy Street, Brooklyn, NY 11216 (the "Lima In Rem Stay Relief Motion"); and

WHEREAS, on May 8, 2024, and on May 9, 2024, Wilmington filed a Response and an Amended Response to the Motion to Reinstate Case opposing, among other things, the request to reverse the Wilmington In Rem Order (the "Wilmington Objection"); and

WHEREAS, on May 23, 2024, Lima One Capital filed a limited objection to the dismissal of the case requesting, among other things, that the Lima In Rem Stay Relief Motion be heard prior to the dismissal of the Chapter 11 Case (the "Lima Limited Objection"); and

WHEREAS, on May 24, 2024, the Debtor filed an objection to the Lima In Rem Stay Relief Motion; and

WHEREAS, on May 31, 2024, the Court held a case management conference, a hearing on the Motion to Reinstate Case and the objections thereto, and a hearing on the Lima In Rem Stay Relief Motion and the objection thereto, at which the Debtor, the United States Trustee, Lima One Capital, and Wilmington appeared and were heard; and

WHEREAS, at the May 31, 2024 hearing, the Court granted the Debtor's Motion to Reinstate Case and denied the Debtor's Motion to Vacation the Wilmington In Rem Order.

*The Applicable Law – Federal Rule of Civil Procedure 60(b)*

WHEREAS, in the Motion to Reinstate Case, the Debtor seeks, in substance, relief from the Court's dismissal of the Chapter 11 Case and the Wilmington In Rem Order; and

WHEREAS, Federal Rule of Civil Procedure. 60(b), made applicable here by Bankruptcy Rule 9024, authorizes the court to grant a motion to relieve a party from a final judgment, order, or proceeding; and

WHEREAS, Rule 60(b)(6) provides that a court may relieve a party from a final order on grounds of "any other reason that justifies relief"; and

WHEREAS, relief under Rule 60(b)(6) "is not lightly granted, and the movant must demonstrate that 'extraordinary circumstances' are present in order to prevail," *In re Waugh*, 367 B.R. 361, 367 (Bankr. E.D.N.Y. 2007); and

WHEREAS, relief under Rule 60(b)(6) should be allowed only "when there are extraordinary circumstances, or where the judgment may work an extreme and undue hardship," *In re Emergency Beacon Corp.*, 666 F.2d 754, 759 (2d Cir. 1981) (internal citations omitted); *see Unsecured Claims Estate Representative of Teligent v. Cigna Healthcare, Inc. (In re Teligent, Inc.)*, 326 B.R. 219, 227 (S.D.N.Y. 2005); and

WHEREAS, in a Rule 60(b)(6) motion, the "burden of proof is on the party seeking relief from judgment," *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001), and the evidence must be "highly convincing," *Boehner v. Heise*, 2009 WL 1360975, at *5 (S.D.N.Y. May 14, 2009).

*The Debtor's Motion to Reinstate Case*

WHEREAS, the Debtor is an entity and is not an individual; and

WHEREAS, courts in this Circuit have concluded that an entity "must appear through licensed counsel" in federal court, *Lattanzio v. COMITA*, 481 F.3d 137, 140 (2d Cir. 2007); and

WHEREAS, based on the entire record, and in light of the Debtor's retention of counsel, the deficiency of the debtor's failure to be represented by counsel has been addressed; and

WHEREAS, based on the entire record, the Debtor has established a basis to vacate the dismissal of the Chapter 11 Case; and

WHEREAS, based on the entire record, the Debtor has established a basis to reinstate the Chapter 11 Case.

*The Debtor's Motion to Vacate the Wilmington In Rem Order*

WHEREAS, based on the entire record, the Debtor has not presented new evidence or otherwise established a basis for reversing the Wilmington In Rem Order

WHEREAS, in the alternative, upon reconsideration, and based on the entire record, the Court concludes that Wilmington In Rem Order should not be reversed.

\*      \*      \*

NOW, THEREFORE, it is hereby

ORDERED, that, based on the entire record, the Debtor's Motion to Reinstate Case and vacate the dismissal of the Chapter 11 case is granted and the Chapter 11 Case is reinstated; and it is further

ORDERED, that, based on the entire record, the Debtor's Motion to Vacate the Wilmington In Rem Order is denied, without prejudice to a motion to reconsider; and it is further

ORDERED, that the Debtor is directed to address all other outstanding deficiencies in the Chapter 11 Case by June 14, 2024; and it is further

ORDERED, that the Court will hold a continued hearing on the Lima In Rem Stay Relief Motion on July 11, 2024 and, on consent, the Debtor is directed to make monthly adequate protection payments of $12,000.00 beginning June 1, 2024, to be received by the 10th day of the month.



Dated: Brooklyn, New York
June 3, 2024

_____
Elizabeth S. Stong
United States Bankruptcy Judge

**TO:**

**Fraleg Jefferson Corp**
dba Fraleg Quincy Corp
dba 931 Lincoln Place Corp
45 Main Street
Suite 518
Brooklyn, NY 11236

**Francis E. Hemmings, Esq.**
228-18 Mentone Avenue
Laurelton, New York 11413

**FRIEDMAN VARTOLO LLP**
Attorneys for Lima One Capital as Servicer for
Wilmington Trust, N.A., not in its individual capacity, but
solely as trustee of MFRA Trust 2016-1
1325 Franklin Avenue, Suite 160
Garden City, NY 11530

**Sherri J. Smith**
Pincus Law Group, PLLC
425 RXR Plaza
Uniondale, NY 11556

**Office of the United States Trustee**
Eastern District of NY (Brooklyn)
Alexander Hamilton Custom House
One Bowling Green
Room 510
New York, NY 10004-1408