UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------X
:
    IN RE:                                        : CASE NO.: 1-24-41125-ess
:
                                              : CHAPTER: 11
Fraleg Jefferson Corp                      :
dba Fraleg Quincy Corp                    : HON. JUDGE:
dba 931 Lincoln Place Corp,           : Elizabeth S. Stong
:
: HEARING DATE: July 11, 2024 at
    Debtor.                                     : 10:30 A.M.
:
------------------------------------------X

## ORDER GRANTING IN REM RELIEF FROM THE AUTOMATIC STAY

Upon the motion, dated May 3, 2024 (the "Motion"), of Lima One Capital as servicer for Wilmington Trust, N.A., not in its individual capacity, but solely as trustee of MFRA Trust 2016-1 (with any subsequent successor or assign, the "Movant"), for an order, pursuant to 11 U.S.C. § 362(d)(4), for in rem relief from the automatic stay with respect to the real property 173 Quincy Street, Brooklyn, NY 11216 *(the "Property")*; pursuant to 11 U.S.C. § 362 (d)(1) and (d)(2); vacating the automatic stay to permit Movant, its successors and/or assigns, to enforce its mortgage on the Debtor's premises; and due and proper notice of the Motion having been made on all necessary parties; and the Court having held a hearing on the Motion on July 11, 2024, at which Francis Hemming, Esq. appeared for the Debtor, Katherine Heidbrink appeared for the Movant, and Jeremy Sussman appeared for the United States Trustee; and upon all the proceedings had before the Court; and after due deliberation and sufficient cause appearing, it is hereby

**ORDERED** that ~~the Motion is granted as provided herein, and~~ the opposition *is* overruled; and it is further

**ORDERED,** that pursuant to 11 U.S.C. § 362(d)(4), the automatic stay in effect pursuant

to 11 U.S.C. § 362(a) is ~~vacated~~ **_modified as to Movant, its successors and/or assigns' interest in the Property_** upon entry of the within Order ~~and~~ **_such that if this Order is recorded in compliance with applicable State laws governing notices of interests or liens in real property, it shall be binding in_** any future filing in any case under the Bankruptcy Code purporting to affect the ~~real~~ Property ~~known as 173 Quincy Street, Brooklyn, NY 11216 (County: Kings; Section: n/a; Block: 1802; Lot: 101) (the "Property"), shall not operate as a stay against Movant, its successors and/or assigns,~~ for a period of two years marked from entry of the within Order**_, except that a debtor may move for relief from this Order on notice to the Movant and the United States Trustee_**; and it is further

**ORDERED** that the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is ~~vacated~~ **_modified_** under section 362(d)(1) of the Bankruptcy Code as to the Movant's interest in the Property to allow the Movant~~'s~~ ~~enforcement of~~ **_to pursue_** its rights ~~in,~~ ~~and remedies in and~~ **_with respect_** to the Property.~~; and it is further~~

~~**ORDERED** that the Movant is granted reasonable attorney fees in the amount of $1,050.00 and costs in the amount of $199.00 as provided in the loan documents.~~

Dated: Brooklyn, New York
      July 24, 2024

_____
Elizabeth S. Stong
United States Bankruptcy Judge